**932**

SECURITIES AND EXCHANGE COMMISSION, Applicant,

v.

NATIONAL BANK OF COMMERCE OF SEATTLE, Elbert M. Anderson, Respondents.

Civ. A. No. 5849.

United States District Court
W. D. Washington, N. D.
April 23, 1963.

James E. Newton, William H. Dunn, Gerald W. Hess, Seattle, Wash., for Securities and Exchange Com'n.

C. L. Sayre, of Kerr, McCord & Moen, Seattle, Wash., for respondents.

LINDBERG, Chief Judge.

Upon application by the United States Securities and Exchange Commission for an order of this Court requiring the National Bank of Commerce of Seattle to produce certain records and documents pertaining to certain of the Bank's customers, both parties appeared before the Court on April 15, 1963, pursuant to an Order to Show Cause issued by the Court and duly served upon the respondents. The Bank and Commission having agreed to submit the matter to the Court on the pleadings filed herein, after examination and consideration of these pleadings and the supporting memoranda, and hearing argument of counsel, the Court finds as follows:

FINDINGS OF FACT

I

Respondent bank is a national bank authorized to do business in the State of Washington, with its principal office in Seattle, Washington.

II

By order dated February 6, 1963, the Securities and Exchange Commission directed an investigation of Easy-Tow

Rental System, Inc., American Trailer Owners of Washington, Inc., James W. Wells, and others, to determine whether, among other things, the subjects of investigation were violating and were about to violate the so-called "anti-fraud" provisions of the Federal Securities Acts (15 U.S.C. § 77q(a) and 15 U.S.C. § 78j(b)). The order directing investigation appointed officers to conduct the investigation, and empowered them, among other things, to subpoena witnesses, take evidence and require the production of any books, papers, memoranda and other records deemed relevant to the inquiry. Among the officers named in said order was William H. Dunn.

### III

Acting pursuant to this order, William H. Dunn issued a subpoena *duces tecum* directed to the respondent Bank requiring the Bank to produce at the Seattle Regional Office of the Commission on March 18, 1963, the following described documents:

> "Bank statements, deposit slips, correspondence, credit and debit memoranda, applications for credit and promissory notes pertaining to accounts carried by your bank in the name or names of ATO Manufacturing Company, Easy Tow Rental System, Inc., Copter Manufacturing Company, James W. Wells, Patricia Wells, during the period from January 1, 1960 to March 1, 1963."

The subpoena was personally served on Elbert M. Anderson, an assistant cashier of the Bank, on March 6, 1963.

### IV

Prior to the date set for the production of the said documents, the respondent Bank, through its counsel, advised the Commission that it would not comply with the subpoena except as to those documents pertaining to the accounts of Easy-Tow Rental System, Inc., the basis for its non-compliance being that its customer, James W. Wells, named as one of the subjects under investigation in the order of investigation, and a principal in other entities named in the sub-poena, had instructed respondent Bank not to produce documents relating to the accounts called for by the subpoena other than those of Easy-Tow Rental System, Inc. The respondent Bank further advised the Commission that it did not feel it could disregard said instructions of its customer Wells, and that it could not determine the materiality or relevancy of the documents sought by the Commission.

### V

The Bank's customers were not made parties to these proceedings, nor does it appear in the record that any notice was given them. They did not appear or apply to intervene herein.

### VI

The Bank has possession of records and documents relating to accounts carried in the names of Easy-Tow Rental System, Inc., Mrs. J. W. Wells, and A.T.O. Manufacturing Company.

### CONCLUSIONS OF LAW

From the foregoing findings of fact, the Court makes the following conclusions of law:

### I

■ This Court has jurisdiction over the parties to and the subject matter of this proceeding (15 U.S.C. § 77v(b), 15 U.S.C. § 78u(c)).

### II

■■ There being no showing to the contrary, the Commission's order directing the investigation is presumed to have been issued pursuant to a lawful purpose and to be within the Commission's power, and is sufficient to authorize the issuance of the subpoena thereunder.

### III

The documents sought in the Commission's subpoena, not appearing unrelated to the nature of the investigation, and there being no showing of irrelevancy, are deemed relevant.

### IV

The terms of the subpoena and the production of the documents sought therein are reasonable and not unneces-

sarily burdensome to the respondent Bank.

## V

The customers of respondent Bank have no privilege with respect to records relating to their accounts, nor do they have sufficient property right therein to require their being made parties to this proceeding.

## VI

The respondent Bank's customers are not necessary parties to proceedings to enforce a Commission subpoena requiring production of records relating to their accounts.

## VII

The Commission is entitled to the relief prayed for.

## VIII

An appropriate order should be entered.