M. Jay PERKAL, Special Agent, Internal Revenue Service,

v.

Arthur T. RAYUNEC, Auditor of LaSalle National Bank, Chicago, Illinois.

No. 64 C 1344.

United States District Court
N. D. Illinois, E. D.

Nov. 24, 1964.

Edward V. Hanrahan, U. S. Atty., for plaintiff.

Zenoff & Westler, Chicago, Ill., for defendant.

MAROVITZ, District Judge.

Petition to enforce Internal Revenue Summons.

Intervenor's motion to dismiss petition, and to quash summons.

This action has been brought pursuant to the provisions of Sections 7402(b) and 7604 of the Internal Revenue Code of 1954 (Secs. 7402(b), 7604, Title 26 U.S.C.) to obtain an order directing the respondent auditor of the LaSalle National Bank to comply with the requirements of an Internal Revenue Summons, and produce certain records which are needed to complete a federal tax investigation. The taxpayer, Robert E. Gartland, has moved for leave to intervene pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, to dismiss said petition, and to quash the summons.

In support of his motions, the taxpayer argues that he is the real party in interest and that the LaSalle National Bank was merely acting as his agent to carry on his banking affairs. Therefore, the taxpayer contends, if compliance with the summons is ordered, he will be denied his constitutional privileges against self-incrimination and unreasonable search and seizure.

This argument must fail. Through the enactment of Sections 6201 and 7602, Title 26, U.S.C., Congress has authorized the Secretary of the Treasury to determine whether income tax returns correctly include the true taxable income of the taxpayer. In furtherance of this objective, Congress has armed the Internal Revenue Service with the power to examine all relevant and material records, Sec. 7602(1), and to issue an administrative summons, Sec. 7602(2) to require their production. The primary question before the Court today is whether a taxpayer may assert a privilege to block an inspection of third party records when the summons has been issued to said third party. It would seem to be settled law that the taxpayer has no standing to object to their production.

In Zimmermann v. Wilson (3rd Cir., 1939) 105 F.2d 583, at pp. 585, 586, the Court stated:

"Since our former decision the Circuit Court of Appeals for the Second Circuit in McMann v. Securities and Exchange Comm., supra [2 Cir., 87 F.2d 377], has held, on an application involving a similar situation, that immunity under the Fourth Amendment is a personal right, not evocable by the customer who cannot object to the production of papers belonging to his broker. No protection was afforded him by the relationship, which was not confidential, such as that of client, penitent, patient or spouse. * * *

"Following the McMann case Judge Patterson * * * held that an executrix could not object to the issuance of a summons to a bank for the production of papers belonging to the bank relating to the income liability of the decedent, where the statute had run: In re Upham's Income Tax, D.C., 18 F.Supp. 737. * * *

"Our present view that a third party (the taxpayer) is not entitled to invoke the protection of the Fourth Amendment brings our decision in line with the overwhelming weight of authority."

And further, in DeMasters v. Arend (9th Cir., 1963) 313 F.2d 79, 85, the Court stated at footnote 11:

"Fourth Amendment rights do not depend upon nice distinctions of property law * * *, but the taxpayers had no interest in the bank's records of the kind the Fourth Amendment was intended to protect. Their interest was no different nor greater than that which they would have in denying appellants access to documentary evidence belonging to, in the possession of, and to be produced by, any third person, which might contain information damaging to the taxpayers."

See also Application of Magnus (2d Cir., 1962) 299 F.2d 335; Foster v. United States (2d Cir., 1959) 265 F.2d 183, 187, 188.

█ It would therefore appear that the case law clearly states that a taxpayer is without standing to defeat compliance with a Section 7602(2) summons directed to a third party asking for production of that party's own records.

Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964) on which the taxpayer relies, does not support his position. Although the Court stated there by way of dicta that parties affected by a disclosure may appear and assert their claims, there is no reference made to the situation at bar in which the taxpayer seeks to quash a summons directed to an *independent* bank for production of its *own* records. Indeed the case relied on by the Supreme Court for the statement cited by the taxpayer, In re Albert Lindley Lee Hospital, (2d Cir., 1953) 209 F.2d 122, was decided by the Second Circuit six years before the Foster case, supra, and nine years before the Magnus action, supra.

In light of this Court's holding, we do not reach taxpayer's objections as to privilege, probable cause, vagueness, and oppressiveness. These are objections properly made by the bank itself, and not by the taxpayer. Inasmuch as the respondent auditor of the LaSalle National Bank stands ready, without objection to turn over the records, he shall be ordered to comply with the summons.

Accordingly, the motions of Robert E. Gartland, applicant for intervention, are denied. Pursuant to authority granted this Court by Sections 7402(b) and 7604, Title 26, U.S.C., the petition to direct respondent to produce those records requested by the summons is granted.