Nathaniel M. STONE, M.D., Petitioner,

v.

William E. WILLIAMS, District Director of Internal Revenue, et al., Respondents.

Misc. No. 164.

United States Court of Appeals First Circuit.

Argued Feb. 24, 1966.

Decided Feb. 25, 1966.

———◆———

Murray H. Falk and Moulton, Looney, Mazzone & Falk, Boston, Mass., for petitioner.

W. Arthur Garrity, Jr., U. S. Atty., for respondents.

Before ALDRICH, Chief Judge, and McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is an application for injunction pending appeal. Briefly, petitioner sought in the district court to enjoin the introduction of certain records, obtained from the Somerville National Bank by summons pursuant to section 7602 of the Internal Revenue Code, at a current Grand Jury proceeding, where, allegedly, consideration is being given to returning indictments against him. Petitioner does not specifically allege that the records belong to him. Rather, they appear merely to be the bank's records of its transactions with petitioner. Petitioner's position is that the Supreme Court's decision in Reisman v. Caplin, 1964, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459, necessarily implies that he was entitled to notice of, and the opportunity to object to, the summons. The district court dismissed his complaint after hearing. An appeal was filed, and the present petition purports to be in aid thereof.

In view of Di Bella v. United States, 1962, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614, we have difficulty in understanding how we might have jurisdiction to entertain petitioner's appeal. Certainly the fact that petitioner has presented his claim to the district court as one for an injunction, rather than as a motion to suppress under Fed.R.Crim.P. 41(e), cannot improve his position. Cf. Palmisano v. United States, N.D.N.Y., 1963, 226 F.Supp. 562, 564.

Passing this question for the moment, we think it so doubtful that petitioner had standing to bring a complaint, see Application of Cole, 2 Cir., 1965, 342 F.2d 5, cert. den. 381 U.S. 950, 85 S.Ct. 1803, 14 L.Ed.2d 723; Foster v. United States, 2 Cir., 1959, 265 F.2d 183, cert. den. 360 U.S. 912, 79 S.Ct. 1297, 3 L.Ed.2d 1261; S. E. C. v. National Bank of Commerce of Seattle, D.C.W.D.Wash., 1963, 216 F. Supp. 932, that there lacks any substantial, let alone any strong, cf. Benoit v. Gardner, 1 Cir., 1965, 351 F.2d 846, basis for an injunction pending appeal. If it should develop that property in fact belonging to petitioner has been unlawfully taken, he may object to its admission at the trial following any indictment. The indictment itself may then be a fait accompli. However, the whole investigatory process is not lightly to be arrested every time a potential defendant believes his rights may have been infringed.* Cf. Centracchio v. Garrity, 1 Cir., 1952, 198 F.2d 382, cert. den. 344 U.S. 866, 73 S.Ct. 108, 97 L.Ed. 672.

An order will be entered denying the application.

---

* We make this broad statement because petitioner attacks not only the introduction of records he knows about, but also seeks to enjoin the use of any other similar records obtained without his knowledge, and of which he has no present knowledge.