Bernard G. McGARRY et al., Respondents,
Appellants,

v.

William E. RILEY, Special Agent, Intelligence Division, Internal Revenue Service, Petitioner, Appellee.

No. 6685.

United States Court of Appeals
First Circuit.

Heard May 4, 1966.

Decided July 11, 1966.

Lawrence F. O'Donnell, Boston, Mass., with whom Mitchell G. Hadge and John B. Greene, Boston, Mass., were on brief, for appellants.

Edward F. Harrington, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

OPINION OF THE COURT.

COFFIN, Circuit Judge.

This appeal raises the question whether attorneys, claiming that a court order enforcing summonses for the production of client's records issued pursuant to 26 U.S.C. § 7602 is ambiguous and serves a non-statutory purpose, can properly resort to self help and remove such records before completion of the examination. We hold they cannot.

The prior judicial history of the tax investigation forming the subject matter of this case is already lengthy, tortuous, and bellicose.[1] The district court in its opinion dated January 6, 1966 ably set forth both factual findings and legal conclusions. Its order adjudged appellants guilty of civil contempt and ordered that the records in controversy be made available to the Internal Revenue Service for purposes of a complete and unhindered examination for a maximum period of forty-five days.[2] This appeal was then taken.

The order, which appellants have been found below to have wilfully disobeyed, was one link in a lengthy chain of events in connection with an investigation of the tax liability of Bernard G. McGarry and of Marie G. McGarry. It was preceded by summonses, refusal to produce, challenges to their legality, petition for enforcement, a prior order of enforcement, appeal, affirmance on appeal, and denial of a stay of enforcement by a Supreme Court Justice. This order directed appellants to produce before the appellee, a special agent of the Intelligence Division of the Internal Revenue Service, certain corporate papers and records called for in the summonses.

Appellants and their clients duly appeared with the records before the appellee, setting forth the following ultimatums governing the examination: appellants would be present; no photostatic copies would be made; since the order directed production on a specific day, no more time for examination would be allowed (subsequently withdrawn); appellants would repossess the records after each day's work. After considerable negotiation, the government, in an effort to avoid further controversy, entered into an arrangement whereby the records would not be examined except in the presence of one of the attorneys or some other person authorized by them. It was also agreed that at the conclusion of each day's examination the records would be placed in boxes and that these would be sealed and kept in a locked room until the examination was to be resumed.

The records remained with the Internal Revenue Service for 31 business days, usually in a sealed state. Out of these 31 days one agent worked 11½ days on the records. On 19½ days no work was performed. On 5½ of these days no work was done because an agent was not available. And on the remaining 14 days, work on the records was suspended either at the request of appellant Greene or because of the failure of both appellants to appear. At no time were the seals broken in the absence of one of the appellants.

In an effort to complete the examination with sufficient speed, the government informed Greene on the 27th day that some of the records would be photostated. After threats by appellants and a further delay of several days, both appellants appeared on the 32nd day when examination was to be resumed. Appellant O'Donnell requested the boxes containing the records to be brought into the room and thereupon threw his briefcase

1. Lord v. Kelley, D.Mass., 1963, 223 F. Supp. 684, ordered the return of records improperly obtained by the government. Appellate jurisdiction of an appeal from this decision was held lacking in Lord v. Kelley, 1 Cir., 1964, 334 F.2d 742, cert. denied, 379 U.S. 961, 85 S.Ct. 650, 13 L. Ed.2d 556. Subsequently, the district court refused to hold in either civil or criminal contempt an Internal Revenue agent for disobeying in part the court's order. Lord v. Kelley, D.Mass., 1965, 240 F.Supp. 167.

The summonses before us now were also before us on appeal from a district court order of enforcement, affirmed in

McGarry's, Inc. v. Rose, 1 Cir., 1965, 344 F.2d 416.

To these we add not only the present opinion but another issued this date, O'Donnell v. Sullivan, 1 Cir., 1966, 364 F.2d 43.

2. While the examination has been completed, both sides have urged that the controversy not be considered moot, since an adjudication of civil contempt against appellants, both of whom are lawyers, might conceivably be the basis for disciplinary action, and since the validity of the summonses and order might be in issue in future proceedings.

on top of the boxes and said, "I now have possession of these records and I am taking them out of here". After being informed that the examination was not yet completed, O'Donnell made a statement giving, in substance, two reasons for taking the records away: (a) that the agents had no right to photostat the records, and (b) that they had already been given a reasonable amount of time to complete the examination. At the conclusion of the statement, appellants physically carried the records away.

The district court found these reasons to be spurious and mere pretexts for the removal of the records. The real reason for the removal, as found below, was to prevent the completion of the examination and to impede and obstruct the investigation of McGarry's tax liability. In addition, the court found that when appellants took the records they both knew that the examination had not been completed, and both had full knowledge of the contents of the district court's order and of the summonses to which the order related.

There was no attempt on the part of O'Donnell or Greene to bring the matter before the district court to obtain an opinion as to their right to remove and withhold the records from the Internal Revenue Service or to seek a modification of the order.[3]

The primary issue here is the right of an attorney to take the law into his own hands when he feels that an order of court is technically ambiguous, or is being wrongly interpreted. The district court found spurious the avowed reasons for removal of the records. We do not disagree with this finding. But even had the reasons been genuine or well founded, this would not have justified unilateral self help.

Appellants have cited no authority whatsoever rationalizing this kind of action. Referring to persuasive authority to the contrary, we note the words of the Supreme Court in United States v. United Mine Workers of America, 1947, 330 U.S. 258, 293, 67 S.Ct. 677, 695, 91 L.Ed. 884: "The defendants, in making their private determination of the law, acted at their peril. * * * [A]n order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." And Mr. Justice Frankfurter added in his concurring opinion, "Only when a court is so obviously traveling outside its orbit as to be merely usurping judicial forms and facilities, may an order issued by a court be disobeyed and treated as though it were a letter to a newspaper." 330 U.S. at 309–310, 67 S.Ct. at 704.[4]

In this case there was no question but that the order was within the jurisdiction of the court, was not a flagrant violation of any constitutional right, and did not confront appellants with a Hobson's choice of irremediable injury or contempt.[5] Whatever latitude for self help may be allowable in other cases, there was none in this. Understandable

---

3. While the judge issuing the order had indicated that he wished no further orders to be submitted to him, appellant O'Donnell was aware of the availability of an emergency judge and testified that he did not attempt to seek judicial clarification because " * * * that was a strategical judgment for me to make."

4. While In re Green, 1962, 369 U.S. 689, 82 S.Ct. 1114, 8 L.Ed.2d 198; may be said to limit the scope of *Mine Workers*, the case at bar, involving a federal court order, falls within the rationale of the *Green* reference to *Mine Workers*. 369 U.S. 689 n. 1, 82 S.Ct. 1114.

5. The factual situation in the case at bar may be distinguished from cases arising under Rule 34 of the Federal Rules of Civil Procedure, where defendant refused to produce documents in the first instance, alleging that plaintiff had not demonstrated the requisite "good cause". See Guilford National Bank of Greensboro v. Southern Railway Company, 4 Cir., 1962, 297 F.2d 921, cert. denied, 375 U.S. 985, 84 S.Ct. 518, 11 L.Ed.2d 473. Nor are cases applicable where production was resisted on the ground of executive privilege. See Appeal of United States Securities and Exchange Commission, 6 Cir., 1955, 226 F.2d 501.

There was available to appellants an orderly procedure for challenging the order

zeal for a client's cause cannot exculpate. The judgment of contempt is affirmed.

In view of the protracted history of litigation in this case, and its probable projection into the future, we do not hesitate to say that both grounds asserted by appellants in justifying their resistance to the summonses and the orders enforcing them are without merit.

■ While the order disobeyed by appellants did not specify that photostating could be done, it is inconceivable today that a right to examine and copy from voluminous files does not also assume that photostating can be done. Appellants apparently took the mutually contradictory positions of insisting at once on laborious hand-copying and on expedition. At no point did they ever specify in what respects photostating would prejudice their clients while penmanship would not. The advantages of applying technology to the reproduction of information were well set forth a decade and more ago in Boren v. Tucker, 9 Cir., 1956, 239 F.2d 767, 771, and Westside Ford, Inc. v. United States, 9 Cir., 1953, 206 F.2d 627, 634. While the orders in both these cases specifically authorized photostating, the rationale would seem to apply equally to such an order as that in this case. We can no more imagine a judge, if asked to "clarify" an order for production of documents for examination, excluding photostating than insisting on a quill pen.

The other substantive objection avowed by defendants is the improper use of the investigative power of 26 U.S.C. § 7602 for purposes of criminal prosecution.[6] The district judge very properly pointed out the necessary interrelationship of civil and criminal aspects involved in many tax investigations. Here the investigatory team consisted of agents interested in both aspects. Over eleven months after issuance of the summonses, criminal prosecution was recommended by the special agents from the Organized Crime Division who were assigned to the case. A subsequent criminal complaint was dismissed at government request. The revenue agent of the Field Audit Division made his own report on the civil aspects.

■■ This was clearly not the situation of United States v. O'Connor, D. Mass., 1953, 118 F.Supp. 248, where the only avowed purpose of involving section 7602 was to assist a pre-existing criminal prosecution. That the co-existence of criminal and civil investigations does not vitiate a section 7602 summons seems too well established to require more than reference to the authorities. Lash v. Nighosian, 1 Cir., 1959, 273 F.2d 185, 188, cert. denied, 1960, 362 U.S. 904, 80 S.Ct. 610, 4 L.Ed.2d 554; Tillotson v. Boughner, 7 Cir., 1964, 333 F.2d 515, 516, 517, cert. denied, 379 U.S. 913, 85 S.Ct. 260, 13 L.Ed.2d 184; In the Matter of Magnus, Mabee & Reynard, Inc., 2 Cir., 1962, 311 F.2d 12, 14–16, cert. denied, 370 U.S. 918, 82 S.Ct. 1556, 8 L.Ed.2d 499; Boren v. Tucker, supra, 239 F.2d at 772–773.

Appellants have invoked Reisman v. Caplin, 1964, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 as standing for the proposition that a summons may be challenged for its improper purpose of obtaining evidence for use in a criminal prosecution. This does not avail appellants, for (a) the purpose here, being mixed, was proper and (b) the challenge *Reisman* contemplates is that of orderly procedure, not throwing a briefcase on boxes of records and marching off with them.

Affirmed.

in this case, with rights of appeal and stay. Reisman v. Caplin, 1964, 375 U.S. 440, 449, 84 S.Ct. 508, 11 L.Ed.2d 459.

6. We discuss this issue even though it might be proper to hold that, since the enforceability of the same summonses between the same parties was the issue decided in McGarry's Inc. v. Rose, supra, n. 1, litigation of other defenses which could have been raised in that proceeding are barred.