Lawrence F. O'DONNELL, Petitioner, Appellant,

v.

Paul A. SULLIVAN, Special Agent, Internal Revenue Service, et al., Respondents, Appellees.

No. 6699.

United States Court of Appeals
First Circuit.

July 11, 1966.

Lawrence F. O'Donnell, Mitchell G. Hadge and John B. Greene, Boston, Mass., on brief for appellant.

W. Arthur Garrity, Jr., U. S. Atty., and Edward F. Harrington, Asst. U. S. Atty., on brief for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

## OPINION OF THE COURT

COFFIN, Circuit Judge.

This is an appeal from a denial of a petition to enjoin the Internal Revenue Service from further investigating the tax liability of appellant and to enjoin a bank from responding to an IRS summons requiring the production of bank records relating to appellant.[1]

The contentions of appellant are: (1) that the bank records were property of appellant's client, were protected by the attorney-client relationship, and that enforcement of the summons would consti-

[1]. This opinion arises out of the same general subject matter as that giving rise to McGarry v. Riley, 1 Cir., 1966, 363 F.2d 421, issued this date, in which we have indicated the other chapters of this extended litigation at n. 1.

tute unreasonable search and seizure; (2) that the Internal Revenue Service is misusing its powers under Section 7602 in that its real motive is to lay the basis for a preconceived criminal prosecution against appellant; and (3) that the district judge erred and showed partiality in modifying the scope of discovery sought by appellant through nine *subpoenae duces tecum*.[2]

The relevant facts as to the bank records issue are that a summons was issued to the assistant cashier of the First National Bank of Boston requiring him to produce for examination films of bank statements for the years 1961, 1962, and 1963 of checking accounts entitled "Lawrence F. O'Donnell" (appellant) and "Lawrence F. O'Donnell—Client's Account", and also films of checks and debit memos charged to the former account. Neither the bank nor the assistant cashier is a client of appellant.

■ Appellant cannot claim these records, kept by the bank for its own purposes, as his property. Nor can he invoke the attorney-client privilege. These were not confidential communications to an attorney by a client. They had already been disclosed to a third party, the bank. They were not the property of a client. These circumstances fall far short of cases where accounting and tax papers relating to a client were held subject to summonses even though in the possession of the attorney.[3]

As was said in Schulze v. Rayunec, 7 Cir., 1965, 350 F.2d 666, 668, where the court ordered the production under summons of records relating to a cashier's check caused to be issued by a lawyer for an unnamed client, "we do not think * * * [the attorney] can clothe the bank records with the * * * [attorney-client] privilege under the facts and circumstances of this case."

Moreover, appellant has no more standing to object to the summons on the bank than the taxpayers in Application of Cole, 2 Cir., 1965, 342 F.2d 5, cert. denied, Cole v. United States, 381 U.S. 950, 85 S.Ct. 1803, 14 L.Ed.2d 723; De Masters v. Arend, 9 Cir., 1963, 313 F.2d 79, petition for cert. dismissed, 375 U.S. 936, 84 S.Ct. 341, 11 L.Ed.2d 269, or Foster v. United States, 2 Cir., 1959, 265 F.2d 183, cert. denied, 360 U.S. 912, 79 S.Ct. 1297, 3 L.Ed.2d 1261. See also Stone v. Williams, 1 Cir., 1966, 356 F.2d 934.

■ Appellant's contention that Section 7602 is being used to serve the purposes of a criminal prosecution conceived by the Organized Crime Division of IRS is similarly unsupported. The district judge found, and the lengthy record amply supports his findings, that the investigation of appellant had several proper and non-conspiratorial sources. Appellant's 1962 return was chosen for examination because of a large bank deposit consisting mostly of bills of $100 or more. His 1963 return was chosen for audit by an agent who had no knowledge of the prior selection, as the result of a routine classification of a block of returns, where claimed deductions for medical expenses and Schedule C reporting of business income and expenditures indicated the desirability of checking. This investigation of appellant's 1962 and 1963 returns is the only one in which appellant is involved. It has been assigned to the Intelligence Division of IRS because of possible understatement of appellant's gross receipts. Appellant

2. These three claims are distilled from thirteen points stated as the basis of appeal. A fourth claim, that the district judge refused to act on appellant's requests for rulings of law, was properly not briefed since the lower court's opinion was in effect a disposition of the issues so raised. A fifth point of appeal, challenging a ruling by the court that Internal Revenue agents subpoenaed by appellant were his witnesses, was also not briefed or argued.

3. Bouschor v. United States, 8 Cir., 1963, 316 F.2d 451; Colton v. United States, 2 Cir., 1962, 306 F.2d 633, cert. denied, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499; In the Matter of Wasserman, D. D.C., 1961, 198 F.Supp. 564; cf. United States v. Judson, 9 Cir., 1963, 322 F.2d 460.

has refused to produce his books and records and the bank summons has issued as we have noted above. This investigation, therefore, is far from complete, with no determination of liability having been made and, as the district court found, no evidence that criminal charges are being considered.

A peripheral examination of appellant's returns was made by agents within the Intelligence Division assigned to the Organized Crime Drive in connection with the tax liability of Bernard G. McGarry. Appellant did not then represent McGarry, but did represent seventeen witnesses (of whom twelve were related to McGarry by blood or marriage) who had been summoned in the McGarry investigation. Appellant's returns for the years 1956–1962 were scrutinized by these agents for the purpose of checking any business connection or financial transactions between McGarry and appellant as they might bear on McGarry's tax liability. The returns disclosed no such connection. They were not checked for correctness and were ultimately returned to file. None of the agents connected with the Organized Crime Drive Group have taken any part in the current investigation of appellant's 1962 and 1963 returns.

What we have said in McGarry v. Riley, supra, applies *a fortiori* to this issue. In *McGarry*, there were mixed criminal and civil aspects of the investigation which we held did not constitute misuse of Section 7602. Here the civil aspects have so far clearly been not only present but dominant if not exclusive.

Appellant's final contention is that the district court erred to the extent of partiality in modifying the scope of documents produced in response to his numerous *subpoenae duces tecum*. The nine subpoenae asked, among other records, for all diaries (official and personal) and work sheets covering four years,

and all notes during attendance at various schools. The requests were made without limitation to matters related to appellant. The district judge, faced with what might well be considered frivolous requests, exercised admirable patience in giving every opportunity to appellant to designate documents. The appellant failing to do this, the judge ordered all relevant documents to be produced. Appellant was allowed to place them in evidence and recall witnesses for further questioning based on the documents. Clearly there was no error and only such partiality as indulged the appellant.[4]

Affirmed.

---

4. Having been confronted in this appeal by a record of 457 pages and a 52 page brief for appellant in which only three cases, not particularly pertinent, were cited, we can only respect the patience demonstrated by the district court.