UNITED STATES of America and Vincent R. Morrison, Special Agent, Internal Revenue Service

v.

BANK OF COMMERCE, a banking institution, Arthur Meister (Intervenor in District Court), Arthur Meister (Intervenor), Appellant.

No. 17249.

United States Court of Appeals Third Circuit.

Argued Oct. 24, 1968.

Decided Jan. 6, 1969.

---

Jerome R. Miller, Gutkin & Miller, Newark, N. J., for appellant.

Joseph M. Howard, Dept. of Justice, Tax Division, Appellate Section, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, John M. Brant, Attys., Dept. of Justice, Washington, D. C., David M. Satz, U. S. Atty., Thomas J. Alworth, Asst. U. S. Atty., on the brief), for appellee.

Before HASTIE, Chief Judge, SEITZ and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

This is an appeal from an order of the district court which granted a petition for enforcement of internal revenue summonses and which also granted the government's motion to quash subpoenas served on special agents of the Internal Revenue Service.

In June, 1967, and again in July, 1967, Special Agent Morrison of the Internal Revenue Service served summonses on the Bank of Commerce pursuant to 26 U.S.C.A. § 7602, directing the bank to produce certain specified bank records relating to transactions between the bank and its depositor, Arthur Meister, whose tax liability Agents Morrison and Miller were investigating. The bank produced the records requested for the years 1961 through 1964, but, at Meister's direction, refused to surrender the records for the year 1960. In December, 1967, an action was brought in the district court pursuant to 26 U.S.C.A. § 7604 for enforcement of the summonses. The bank appeared in the district court, declined to volunteer the records and otherwise stood mute. Meister was granted leave to intervene to contest enforcement although the records are concededly the exclusive property of the bank. After intervening, Meister served civil subpoenas on the special agents conducting the investigation directing them to appear to testify. The government promptly moved to quash the subpoenas and for an order directing the bank to comply with the demand of the summonses.

After briefs and oral argument, the district court granted, without written

opinion, both the petition for enforcement and the motion to quash the subpoenas. Meister, appellant, now appeals. The bank does not join in the appeal.

Appellant argues that the district court erred in granting enforcement and that it abused its discretion when it erroneously denied the appellant the right to examine the special agents for the purpose of establishing his defenses to the enforcement petition. More specifically, the appellant contends that the petition for enforcement should not have been granted because (1) the summonses were issued without full compliance with the statutory requisites set out in 26 U.S. C.A. § 7605(b), (2) the summonses are being used for an improper purpose— i. e., that enforcement is sought with the "primary view" of gathering evidence for a criminal prosecution of the appellant, (3) the summonses lack relevance in that both the criminal and civil statutes of limitations have run as to the year 1960 and the records are neither relevant nor material to the investigation of the years 1961 to 1963, inclusive, (4) enforcement of the summonses would result in violations of the appellant's Fourth and Fifth Amendment rights, and (5) 26 U.S.C.A. § 7602 is unconstitutional in that it does not require notice to a taxpayer when a summons is issued to a third party.

■ At the outset, we are confronted by the appellee's contention that the appellant lacks standing to raise the objections which he asserts. We do not agree. The rule approved by the Supreme Court in Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964), is that a taxpayer may intervene in an enforcement proceeding and challenge enforcement of the summons by raising constitutional or other objections in protection of his rights and interests. Here, appellant's defenses, as he styles them, are aimed solely at protecting his individual rights and interests. Appellant makes no claim on behalf of the bank, either derivatively or in a representative capacity.

■ The opening challenge of the appellant to the order of enforcement is based on 26 U.S.C.A. §, 7605(b), "Restrictions on examination of taxpayer", which provides:

"No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary."

Appellant argues that the instant investigation is not necessary, that it is an unauthorized reexamination, and that neither the investigation nor the notice requirements of the statute have been satisfied. Therefore, citing United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), appellant submits that enforcement should have been denied. Appellant's reliance on § 7605(b) is misplaced. The language of § 7605(b) and the legislative history surrounding its enactment in 1921 [1] show that the reach of this section is limited to the situation where the taxpayer is called to produce his records for examination. United States v. Howard, 360 F.2d 373 (3rd Cir., 1966). Among other things, the records sought here are not those of the taxpayer.

■ Next, appellant contends that enforcement should have been denied because the summonses are being used for an improper purpose, that is, they are being used with the "primary view" of obtaining evidence for a criminal prosecution of the appellant. Assuming that the appellant could prove that the summonses are in fact being used as he suggests, he would not have established a defense to enforcement, inasmuch as he would not have proven that the summonses are being used beyond the statu-

---

1. The relevant legislative history is set out in United States v. Powell, supra, 379 U.S. 54–55, 85 S.Ct. 248.

tory purpose. As we observed in United States et al. DeGrosa, 3rd Cir., 405 F.2d 926, filed January 6, 1969, a § 7602 summons will be enforced where it is being used for a purpose intended by Congress notwithstanding the fact that the material sought might also be used in a criminal prosecution of the taxpayer.

■ Appellant's third contention is that the records for 1960 are not relevant because no tax liability can be predicated on those records, the civil and criminal statutes of limitations having run as to 1960, and because the records are not material or relevant to the investigation of the years 1961 through 1963. If we assume that the appellant could prove what he asserts here, we find that he would not have stated a defense to enforcement of the summonses. We say this because proof of what he alleges does not negative the existence of a proper use of the summonses. Cf. United States v. Powell, supra. For example, and as the appellee suggests, the records for 1960 would bear directly on a civil fraud assessment for that year, which of course, would not be barred by any statute of limitations. 26 U.S.C.A. § 6501(c) (1).

■ The first of the two Fifth Amendment defenses asserted by the appellant is that production of the bank records will violate his Fifth Amendment privilege against self-incrimination. Appellant's theory is that production of the records should be barred because the records contain information which he gave to the bank in confidence as its depositor. Even if this were not a proceeding for the production of records relating to income tax liability, appellant's claim is without merit. There can be no valid assertion of the privilege where, as here, the records sought are neither the personal property of the appellant nor otherwise in his personal custody. See United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944).

■ Meister's second Fifth Amendment defense is that 26 U.S.C.A. § 7602

is unconstitutional. Appellant's theory here is that § 7602 is violative of his rights to procedural due process because Congress has not provided for notice to a taxpayer when a § 7602 summons is issued to a third party. Appellant suggests that the notice requirement logically follows from the right to intervene granted in Reisman v. Caplin, supra. Our reading of the record of the enforcement proceedings in the district court indicates that the appellant's instant contention is being raised on appeal for the first time. We note, too, that the appellant was granted leave to intervene in—actually did intervene and participate in—the enforcement proceedings. Further, appellant does not suggest that he was in any way prejudiced because he did not receive formal notice. Thus, we are of the view that it is particularly inappropriate for us to consider, at this stage, appellant's abstract constitutional contention.

■ The defense which the appellant bases on the Fourth Amendment's prohibition of unreasonable searches and seizures is that the information which called Agent Morrison's attention to the 1960 bank records was the product of an unlawful search and seizure, that this information—"the leads"—is tainted by the search and seizure and that, therefore, the bank records are also tainted and their production should not be compelled. The appellee argues that appellant's "leads" argument is nothing more than an attempt to get an anticipatory ruling on the admissibility of the records in possible future proceedings, which ruling appellant was previously refused by the district court in an independent action. See Meister v. United States, 397 F.2d 268 (3rd Cir., 1968). Appellee's argument, however, is not dispositive of appellant's contention in the present context. Here, the United States is invoking the process of the district court to obtain materials not now in its possession, and as the Supreme Court observed in a related context, "a court may not permit its process to be abused." United States v. Powell, supra, 379 U.S.

58, 85 S.Ct. 255. It is clear that the appellant's contention would be entitled to consideration were he alleging that enforcement of the summonses would constitute an unreasonable search and seizure in violation of his Fourth Amendment rights, assuming the requisite standing. See e.g., United States v. DeGrosa, supra; Justice v. United States, 365 F.2d 312 (6th Cir., 1966). Further, were the summonses directed at the very records which were allegedly seized in violation of appellant's Fourth Amendment rights, the case would be markedly similar to Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S. Ct. 182, 64 L.Ed. 319 (1920) and the merits of the appellant's claim would be entitled to consideration before enforcement were ordered, again assuming the requisite standing. We do not think that this case can be distinguished in result simply because the bank records were the "fruits" and not themselves illegally seized, or because the summonses are not directed to the appellant himself. Accordingly, we hold that the district court should hear and determine appellant's Fourth Amendment claim and thus assure itself that its process will not be abused.

We shift next to appellant's contention that the district court erred in quashing the subpoenas served on special agents Morrison and Miller. The motion to quash was considered by the district court after it had ruled on the petition for enforcement. In that setting, the district court believed that the question of quashing the subpoenas was moot, the subpoenas having been served solely in connection with the then concluded enforcement proceeding. Admittedly, the subpoenas were served for the principal purpose of developing a factual predicate for the appellant's Fourth Amendment contention. It follows from our decision, vacating and remanding for further proceedings relating to the Fourth Amendment defense, that the order quashing the subpoenas should also be vacated. Accordingly, we find it unnecessary to consider the propriety of the district

court's action in quashing the subpoenas. Of course, the United States may present to the district court any application which it deems appropriate should the appellant request that the subpoenas be re-issued.

The order of the district court is vacated, and the matter remanded for proceedings not inconsistent with this opinion.