**James D. HARRIS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 24051.**

United States Court of Appeals Ninth Circuit.

April 7, 1969.

See also 9 Cir., 413 F.2d 316.

Voegelin, Barton, Harris & Callister and Richard F. Oetting, Los Angeles, Cal., for appellant.

Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Crim. Div., Dennis E. Kinnaird, Asst. U. S. Atty., Los Angeles, Cal., Donald A. Hanse, Atty., Dept. of Justice, Washington, D. C., for appellee.

ORDER

Before BARNES, ELY and HUFSTEDLER, Circuit Judges.

James D. Harris, petitioner, seeks a stay of the subpoena *duces tecum* directed to the California Canadian Bank which required the production of copies of deposits and withdrawals from a trust fund established with said bank by petitioner, an attorney. A motion to quash was made in the district court

pending an appeal from the order of the Hon. William P. Gray, United States District Judge, entered April 1, 1969, denying the said motion to quash the said subpoena.

Application made in the district court before the same judge to stay the order pending appeal was denied on the same date.

It apparently is conceded that the first three items called for in the subpoena, namely the signature card, the bank ledger sheets and the deposit slips, are not subject to the motion to quash. No stay of their production is necessary nor appropriate, and we order none.

The same cannot be said of the next and last three items listed in the subpoena ((d), (e) and (f), p. 2, Application for Stay) relating to copies or microfilms of checks deposited or paid during 1964. Petitioner claims the originals of these checks are privileged; are his, not the bank's; and that the bank in microfilming them acted as his agent, not for itself. These points were decided adversely to petitioner below, and he now must either acquiesce in the district court ruling or run the risk of sanctions for contempt of court.

We think the rationale of Reisman v. Caplin, 375 U.S. 440 at 445, 84 S.Ct. 508 at 511, 11 L.Ed.2d 459, is applicable here. While there the subpoenas were issued by the Commissioner of Internal Revenue under § 7602 of the Internal Revenue Code of 1954 to a national auditing firm, and the Government there conceded "that a witness or any interested party may attack the summons before the hearing officer," it also held that "both parties summoned *and those affected by a disclosure* may appear or intervene before the District Court and challenge the summons by asserting their constitutional or other claims," (*Id.* at 445, 84 S.Ct. at 511, emphasis added) or before the hearing officer.

While *not* going so far as to say that "the penalties of contempt risked by a refusal to comply with the summonses are so severe that the statutory proce-

dure amounts to a denial of judicial review," (p. 446, 84 S.Ct. at 512) nevertheless the Supreme Court held: "that in any of these procedures before either the district judge or the United States Commissioner, the witness may challenge the summons on any appropriate ground," (*Id.* at 449, 84 S.Ct. at 513) such as that the material is sought for the improper purpose of obtaining evidence for use in a criminal prosecution, Boren v. Tucker, 239 F.2d 767, 772–773 (9th Cir.1957); or that it is violative of the attorney-client privilege. Sale v. United States, 228 F.2d 682 (8th Cir. 1956).

The Court also held that "such orders are appealable" (citing, among others, two Ninth Circuit cases), and equally as important, "[*i*]*t follows that with a stay order a witness would suffer no injury while testing the summons.*" 375 U.S. at 449, 84 S.Ct. at 514 (Emphasis added.) *Cf.* Bender, "The Implications of Reisman v. Caplin in Fraud Cases," 23 N.Y.U.Tax Inst. 1293, 1313–1314 (1965). The opinion concludes that the Internal Revenue Code "suffers no constitutional invalidity, [because it] provides full opportunity for judicial review before any coercive sanctions may be imposed" (*Id.* at 450, 84 S.Ct. at 514). Evidence, if illegally obtained, is excluded "to compel respect for the constitutional guaranty * * * by removing the incentive to disregard it." Elkins v. United States, 364 U.S. 206, 217, 80 S.Ct. 1437, 1444, 4 L.Ed.2d 1669 (1960).

We think that the balance preponderates in favor of the issuance of a stay until the merits of the subpoena can be tested to and including a judgment that is final; provided an appeal can be expeditiously handled by the courts and the parties.

We therefore order a stay of compliance with respect to portions (d), (e) and (f) of petitioner's said subpoena, pending the determination of the appeal of the order of the district court of April 1, 1969, denying the motion to

quash the said subpoena; or until further order of this court; and

It is ordered that the appeal, filed on April 2, 1969, from the said order denying the motion to quash, be expedited, with Petitioner's Brief due on or before April 21st, 1969; Respondent's Brief due on or before May 5, 1969; and Petitioner's Reply Brief due 10 days after service of Respondent's Brief. The Clerk of this Court is requested to expedite the hearing of said appeal, setting it specifically, if need be for May 19th, 1969, in Los Angeles, California, before any panel.

The court instructs the Clerk of this court to invite the California Canadian Bank to intervene in this appeal, if it deems it appropriate to do so.