**James D. HARRIS, Appellant,**
**v.**
**UNITED STATES of America,**
**Appellee.**

**No. 24051.**

United States Court of Appeals
Ninth Circuit.

June 5, 1969.

Richard F. Oetting (argued), of Voegelin, Barton, Harris & Callister, Los Angeles, Cal., for appellant.

Wm. Matthew Bryne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Crim. Div., Dennis E. Kinnaird, Asst. U. S. Atty., Los Angeles, Cal., Donald A. Hansen, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before BARNES, ELY and CARTER, Circuit Judges.

JAMES M. CARTER, Circuit Judge:

This is an appeal from the denial by the district court of appellant's motion to quash a subpoena duces tecum. We have jurisdiction pursuant to 28 U.S.C. § 1291. Perlman v. United States, 247 U.S. 7, 12–13, 38 S.Ct. 417, 62 L.Ed. 950

(1918); Continental Oil Company v. United States, 330 F.2d 347, 9 A.L.R.2d 1413 (9 Cir. 1964).

The subpoena in question directed an official of the California Canadian Bank to appear before a grand jury and produce the following records of the Bank regarding a trustee account in the name of appellant James D. Harris, an attorney: (a) signature card, (b) all bank ledger sheets for the account for 1964, (c) all deposit slips for the account for 1964, (d) copies of all checks deposited to the account during 1964, (e) copies of all checks drawn on and paid from the account for 1964, and (f) microfilm copies of (d) and (e), if any of such records were not available except on bank microfilm.

A motion panel of this court issued an order staying compliance with the subpoena as to items (d), (e) and (f), pending the determination of the appeal from the order of the district court of April 1, 1969, denying the motion to quash said subpoena; ordering that the appeal be expedited and instructing the clerk to invite the California Canadian Bank, on whom the subpoena was served, to intervene on this appeal if it deemed appropriate to do so. Harris v. United States, 9 Cir., 413 F.2d 314. The California Canadian Bank has not intervened. Appellant has abandoned his contentions as to subpoena items (a), (b) and (c).

On the appeal appellant makes two contentions. First, he asserts that the production of the checks referred to in subpoena items (d), (e) and (f) would (1) violate his rights under the Fourth Amendment of the United States Constitution as an illegal search and seizure, and (2) violate the Fifth Amendment protecting him from self incrimination. Second, he asserts that the checks are within and subject to the attorney-client privilege.

The facts are not in dispute. Although the district court made no findings, none were necessary, since there were no conflicts to resolve. The appellant is and was in 1964, an attorney.

The account at the California Canadian Bank, to which the checks in item (d) were deposited, and on which the checks in item (e) were drawn, was his trustee account.

At the hearing in the district court on the motion to quash the subpoena, the cashier of the Bank testified that it was the practice of the bank to microfilm checks deposited into, and drawn on accounts, in order to avoid problems caused by the loss of a check while in transit, and that this was done without the knowledge or consent of the customer. He also testified that the microfilm was owned by the bank. Thus, it would appear that the microfilm records of the checks deposited to and paid from appellant's bank account were records made and kept by the Bank in the regular course of its business and, absent appellant's contentions, admissible in evidence in judicial proceedings. 28 U.S.C. § 1732. Beard v. United States, 222 F.2d 84, 91 (4 Cir. 1955), cert. denied, 350 U.S. 846, 76 S.Ct. 48, 100 L.Ed. 794 (1955).

Exhibit No. 1, introduced in evidence, was the original deposit slip of appellant, dated March 26, 1964, which opened the account at the Bank. The language on the reverse side of this exhibit indicates that it was the intention of the Bank and its depositor that the bank act as the agent for the depositor for the collection of the proceeds of the check deposited.

The checks deposited having been returned to the maker and the checks drawn having been returned to the appellant, we are concerned only with the microfilms made by the Bank of the two classes of checks.

## FOURTH AND FIFTH AMENDMENT RIGHTS

█ Appellant relies on California Commercial Code, § 4201, which states:

"(1) Unless a contrary intent clearly appears and prior to the time that a settlement given by a collecting bank for an item is or becomes final (sub-

division (3) of Section 4211 and Sections 4212 and 4213) the bank is an agent or subagent of the owner of the item * * *"

Appellant then contends that a principal-agent relationship was created between appellant and the Bank, based on the California Code section and Exhibit No. 1; that when the bank acquired the checks for deposit as the agent of the appellant as a depositor and made microfilms of those checks, the microfilms themselves became the property of the appellant. Appellant further maintains that with regard to the checks deposited for collection, and the checks drawn on his account, the Bank was in the physical possession of records belonging to, and in the constructive possession of appellant at the time the microfilming took place; and that he has the same rights with regard to the microfilms as he has as to the originals. Appellant concludes that because of the agency relationship, the appellant may now rely upon the Fourth and Fifth Amendments to prevent the United States from obtaining the microfilm of the checks deposited to and drawn on appellant's account.

The trial court held that the relationship of appellant and the Bank was that of debtor-creditor. This is the general rule. Bank of Marin v. England, 385 U.S. 99, 101, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966); Brown v. New York Life Ins. Co., 152 F.2d 246, 249 (9 Cir. 1945).

Here the microfilm records were made and paid for by the Bank for its convenience and business purposes. The Bank owned the microfilm. The cases hold that depositors have no rights in the records of their bank, and that the records may be subpoenaed over the objection of the depositor, notwithstanding the fact that the records concern the account of the depositor. In United States v. Bank of Commerce, 405 F.2d 931, 934 (3 Cir. 1969) a self-incrimination claim was rejected, since the bank records sought were "neither the personal property of the appellant nor otherwise in his personal custody." In Galbraith v.

United States, 387 F.2d 617 (10 Cir. 1968) it was held that the records were the property of the bank and lawfully produced, and "that appellant had no right in or to them, and consequently had no standing to premise his [Fourth and Fifth Amendment] objection." Id. p. 618.

O'Donnell v. Sullivan, 364 F.2d 43 (1 Cir. 1966), cert. denied 385 U.S. 969, 87 S.Ct. 501, 17 L.Ed.2d 433 (1966), held that appellant could not claim films of bank statements, check and debit memos "kept by the bank for its own purposes, as his property." Id. at 44. Thus, the appellant had no standing to object to the summons served on the bank.

Additional cases holding that customers have no standing to object to subpoenas requiring their bank to produce records of the customers' accounts include Stone v. Williams, 356 F.2d 934 (1 Cir. 1966); Schulze v. Rayunec, 350 F.2d 666 (7 Cir. 1965), cert. denied Boughner v. Schulze, 382 U.S. 919, 86 S.Ct. 293, 15 L.Ed.2d 234 (1965); Application of Cole, 342 F.2d 5 (2 Cir. 1965), cert. denied, 381 U.S. 950, 85 S.Ct. 1803, 14 L.Ed.2d 723 (1965); De Masters v. Arend, 313 F.2d 79, 85 (9 Cir. 1963), cert. dism., 375 U.S. 936, 84 S.Ct. 341, 11 L.Ed.2d 269 (1963); Foster v. United States, 265 F.2d 183 (2 Cir. 1959), cert. denied, 360 U.S. 912, 79 S.Ct. 1297, 3 L.Ed.2d 1261 (1959). Perkal v. Rayunec, 237 F.Supp. 102 (N.D.Ill.1964) (the court here rejected the contention that the bank was acting as the taxpayer's agent); and S.E.C. v. National Bank of Commerce, 216 F.Supp. 932 (W.D.Wash.1963).

Counsel for appellant conceded at oral argument before us, that to sustain his position as to Fourth and Fifth Amendment rights we would have to extend the rule as laid down in this and other circuits. We decline to do so.

Assuming that there was also a principal-agent relationship existing as to the collection of the deposited checks, it does not follow that it was the kind of agency relationship which prevented the

enforcement of the subpoena. Appellant's contention would have us include within his Fourth and Fifth Amendment rights, all situations where a principal-agent relationship existed. The law has never gone this far. The law has recognized a party's claim when he was in constructive possession and control of property, and had not relinquished those rights. Schwimmer v. United States, 232 F.2d 855, 861 (8 Cir. 1956). The law has also recognized a claim where possession grew out of the attorney-client relationship, United States v. Judson, 322 F.2d 460 (9 Cir. 1963).

The two cases last cited are relied on by appellant but do not support his inclusive principal-agent theory. In Schwimmer v. United States, supra, the appellant, an attorney, was the owner of files, books and papers which had been subpoenaed, but had placed these materials in storage in the physical possession of a third party, while he was out of the country. He had retained constructive possession and control of the files. Under these circumstances, the court held that Schwimmer could move to quash the subpoena. In the present case, however, contrary to that in *Schwimmer*, the bank is not "merely a custodian, without personal right," *Id.* (232 F.2d p. 860) in the records which have been subpoenaed, and appellant is not the owner of those records. In United States v. Judson, supra, it was held that an attorney could invoke his clients' privilege against self-incrimination and quash a subpoena calling for cancelled checks and bank statements his clients had turned over to him at his request. Thus, bank records were not involved, and the attorney was merely asserting the rights of his clients in records that belonged to those clients; it was not a case of a depositor asserting rights in bank records. And in Continental Oil Co. v. United States, 330 F.2d 347, 9 A.L.R.2d 1413 (9 Cir. 1964), a case appellant describes as presenting "an analogous situation," this court dealt with a subpoena calling for memoranda prepared by attorneys in connection with their client's case. We held that the memoranda constituted confidential communications, and were therefore protected by the attorney-client privilege (to be discussed *infra* in relation to the present case). Thus, we were concerned with different types of records, which had been transmitted in confidence, and did not base our decision on the Fourth and Fifth Amendments.

## ATTORNEY-CLIENT PRIVILEGE

Appellant also contends that the production of the microfilms of checks received by appellant from his clients and deposited with the Bank would violate the attorney-client privilege. The argument seems to be that the check given by the client to the attorney with its date, amount and other information is a confidential communication between the client and his attorney.

██ Federal courts have consistently accepted the view that certain types of communications are privileged, such as that between attorney and client. See, for example, Colton v. United States, 306 F.2d 633 (2 Cir. 1962), cert. denied, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1962). However, we know of no authority which recognizes a privilege for communications between bank and depositor, and decline to create such a privilege in the present case. The reasons which led to the attorney-client privilege, such as the aim of encouraging full disclosure in order to enable proper representation, do not exist in the case of a bank and its depositor. Moreover, the client, by writing the check which the attorney will later cash or deposit at the bank, has set the check afloat on a sea of strangers. The client knows when delivering the check, and the attorney knows when cashing or depositing it, that the check will be viewed by various employees at the bank where it is cashed or deposited, at the clearing house through which it must pass, and at his own bank to which it will even-

tually return. Thus, the check is not a confidential communication, as is the consultation between attorney and client.

For such reasons, courts have repeatedly held that checks and bank records are not subject to the protection of the attorney-client privilege. For example, in United States v. Judson, supra, 322 F.2d at 463, we stated:

"The cancelled checks and bank statements are not within the attorney-client privilege. These items were negotiable instruments in commerce and were never confidential from the time of their creation. Their transfer from the client to the attorney did not constitute a confidential communication."

■ O'Donnell v. Sullivan, 364 F.2d 43 (1 Cir. 1966), cert. denied 385 U.S. 969, 87 S.Ct. 501, 17 L.Ed.2d 433 (1966) held that films of bank statements, checks and debit memos could not be claimed as the property of appellant; and that confidential communications between attorney and client were not involved, since the contents of the record had *already been* disclosed to a third party, the bank. See also McFee v. United States, 206 F.2d 872, 876 (9 Cir. 1953), vacated, 348 U.S. 905, 75 S.Ct. 311, 99 L.Ed. 710 (1955) reaff'd, 221 F.2d 807 (9th Cir. 1955), cert. denied, 350 U.S. 825, 76 S.Ct. 53, 100 L.Ed. 737 (1955), in which we held that where attorneys acted in the capacity of a transmitter of funds, they stood in the same position as a banker, and no confidential relationship arose. This is one specific application of the general rule that ministerial or clerical services performed by an attorney are not within the privilege. Also, United States v. Bartone, 400 F.2d 459, 461 (6 Cir. 1968), cert. denied 393 U.S. 1027, 89 S.Ct. 631, 21 L.Ed.2d 571 (1969), and O'Donnell v. Sullivan, supra.

In connection with appellant's claimed attorney-client privilege, we conclude his reliance upon United States v. Kovel, 296 F.2d 918 (2 Cir. 1961) is misplaced. In that case, it was held that an accountant who was employed to facilitate communication between an attorney and client could refuse to disclose the contents of confidential communications, on the ground that they were protected by the attorney-client privilege. In the present case, however, unlike *Kovel,* there, was (1) no communication between attorney and client, (2) in confidence, (3) for the purpose of obtaining legal advice from the lawyer. The judgment is affirmed.