SECURITIES AND EXCHANGE COM-
MISSION, Applicant-Appellee,

v.

FIRST SECURITY BANK OF UTAH,
N.A. and Murray State Bank,
Respondents,

Carl J. Nemelka et al., Intervenors-
Appellants.

No. 71-1135.

United States Court of Appeals,
Tenth Circuit.

Aug. 30, 1971.

Jacob H. Stillman, Asst. Gen. Counsel (Philip A. Loomis, Jr., Gen. Counsel, Walter P. North, Associate Gen. Counsel, and Frederick L. White, Atty., Securities and Exchange Commission, with him on the brief), for applicant-appellee.

Glenn C. Hanni, Salt Lake City, Utah (David K. Winder, Strong & Hanni, Shirley P. Jones, Jr., and Nick J. Colessides, Salt Lake City, Utah, with him on the brief), for intervenors-appellants.

Before BREITENSTEIN and Mc-WILLIAMS, Circuit Judges, and KERR, District Judge.

BREITENSTEIN, Circuit Judge.

On the application of the Securities and Exchange Commission the district

court directed enforcement of four subpoenas duces tecum issued in a Commission investigation of possible violations of the federal securities laws. The subpoenas seek production of certain records of the First Security Bank of Utah, N.A., and of the Murray State Bank. The banks do not oppose the Commission's application for subpoena enforcement. Certain depositors who maintain accounts in the banks sought to prevent compliance by the banks and were permitted to intervene. The appeal is by the intervenors.

A Commission order directed that a private investigation be made to determine if the registration and anti-fraud provisions of the federal securities laws had been violated in the offer and sale of common stock of Newport Pharmaceuticals, International, Inc. Between September 29 and October, 8, 1970, four subpoenas were served requiring production of bank records relating to the account statements, deposit slips, items deposited, and checks drawn on the accounts of the intervenors. State court orders restrained the banks from responding to the subpoenas.

The Commission brought proceedings under the Securities Act of 1933, 15 U.S.C. § 77v(b), and the Securities Exchange Act of 1934, 15 U.S.C. § 78u(c), against the banks to enforce compliance with the subpoenas. The interventions were allowed under the permissive provisions of Rule 24(b), F.R.Civ.P. The district court ordered enforcement and granted a stay pending appeal.

■ Two of the subpoenas seek information relating to trust accounts maintained by the intervenors Nemelka and Salazar who are lawyers. They say that the subpoenaing of records pertaining to such accounts violates the attorney-client privilege which they and their clients will not waive. In essence their claim is that bank records of receipts and disbursements in their trust accounts are privileged communications. Comparable claims have been rejected in O'Donnell v. Sullivan, 1 Cir., 364 F.2d 43, 44, cert. denied 385 U.S. 969, 87 S.Ct. 501, 17 L.

Ed.2d 433, and Harris v. United States, 9 Cir., 413 F.2d 316, 319–320. We agree with those decisions.

■ The privilege extends "to the substance of matters communicated to an attorney in professional confidence." Colton v. United States, 2 Cir., 306 F.2d 633, 637, cert. denied 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499. The deposit and disbursement of money in a commercial checking account are not confidential communications. The records are the property of the bank and are made by it for its business purposes. The functions and responsibilities of bank employees are not analogous to those of an attorney's secretaries and clerks. The relationship between each bank and the intervening depositor is that of a debtor-creditor.

United States v. Kovel, 2 Cir., 296 F. 2d 918, is not contrary to our conclusions. That case concerned a communication made to an accountant, the employee of a lawyer, for the purpose of obtaining legal advice from the lawyer. The maintenance of checking accounts is not shown to have any relevance to any communications made in confidence between a lawyer and client for the purpose of obtaining legal advice. A client may not immunize his business transactions from discovery by the device of a lawyer's commercial checking account. Cf. Pollock v. United States, 5 Cir., 202 F.2d 281, 286, cert. denied 345 U.S. 993, 73 S.Ct. 1133, 97 L.Ed. 1401.

The intervenors contend that the subpoenas were invalid and unenforceable because they were beyond the scope of the Commission's order. The authority of the Commission to make investigations of possible violations is found in 15 U.S.C. §§ 77t(a) and 78u(a). Section 77s(b) provides that in connection with such investigations

"any member of the Commission or any officer or officers designated by it are empowered to * * * require the production of any books, papers, or other documents which the Commission deems relevant or material to the inquiry."

A similar provision is found in § 78u(b).

The Commission order states that no registration statement has been filed with respect to Newport securities; that Newport has been offering its common stock for sale to the public; that while so engaged Newport has made certain untrue statements and has omitted to state material facts; and that in such activities Newport has used the mails and the instrumentalities of interstate commerce.

The Commission ordered that:

"a private investigation be made to determine whether the aforesaid person [Newport] or any other persons have engaged or are about to engage in any of the reported acts or practices * * *."

The Commission also ordered that certain named individuals and each of them

"is hereby designated an officer of this Commission and empowered to * * * require the production of any books, papers, correspondence, memoranda or other records deemed relevant and material to the inquiry * * *."

The subpoenas were issued by one of the officers so designated.

■■ Investigative powers given by statute to an administrative agency are not derived from the judicial function and are "more analogous to the Grand Jury." United States v. Morton Salt Co., 338 U.S. 632, 642–643, 70 S.Ct. 357, 364, 94 L.Ed. 401. Questions concerning agency subpoenas should be promptly determined so that the subpoenas, if valid, may be speedily enforced. See United States v. Davey, 2 Cir., 426 F.2d 842, 845.

The Commission points out that the scope of the Commission order was not questioned by the banks but by the intervenors and was untimely because some two and a half months had elapsed after the enforcement application before the question was raised. This delay is unjustifiable but the district court did not reject the issue because of untimeliness and we must consider it on its merits.

■ The Commission urges that the intervenors have no standing to question the scope of the order and points out that the banks are not raising the issue. After the district court permitted the interventions and granted enforcement of the subpoenas, the Supreme Court decided Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580. That case concerned the enforcement of a summons under the Internal Revenue Code to give testimony and produce records. The Court noted that the intervening taxpayer had no proprietary interest in the records and no privilege was involved. In the present case the intervenors have no such interest or privilege. After commenting that the taxpayer to the extent that he has a protectable interest "may always assert that interest or that claim in due course at its proper place in any subsequent trial," the Court said that the interest was not enough to sustain intervention in the proceedings to enforce the summons and that a contrary holding "would unwarrantedly cast doubt upon and stultify the Service's every investigatory move." Ibid. at 531, 91 S.Ct. at 543.

■ If the district court had been able to foresee the Donaldson decision, it would probably have denied intervention. However, intervention was granted and in the circumstances presented we have considered the order and the cases cited by the intervenors. Jones v. Securities and Exchange Commission, 298 U.S. 1, 56 S.Ct. 654, 80 L.Ed. 1015, was concerned with the withdrawal of a registration statement. In Penfield Co. of California v. Securities and Exchange Commission, 9 Cir., 143 F.2d 746, there was an amended order to bring in transactions in a security different from that included in the first order. Shotkin v. Nelson, 10 Cir., 146 F.2d 402, considered objections by the person ordered to comply with the subpoena and said that a subpoena must be within the scope of

the authority granted. If in the situation presented we must consider the scope of the order, we are convinced that the subpoenas were within that scope. The Commission authorized an investigation to determine whether Newport "or any other persons" were engaged in forbidden activities. This is enough to authorize subpoenas for the production of records which might reveal the existence and extent of intervenors' transactions in Newport stock.

Affirmed.