In the Matter of An Application To Enforce Administrative Subpoenas Duces Tecum Of the SECURITIES AND EXCHANGE COMMISSION, Applicant-Appellee,

v.

Hersh KNOPFLER, Tibor Loffler, Anita Maurizio a/k/a A. Elizabeth Cassotta, Rabbi Kalman Pinter, Benjamin G. Sprecher, Respondents,

Hersh Knopfler, Congregation Or Lashumaim, Rabbi Kalman Pinter, Benjamin G. Sprecher, Respondents-Appellants.

No. 1581, Docket 81–6097.

United States Court of Appeals, Second Circuit.

Argued June 12, 1981.

Judgment July 24, 1981.

Opinion Aug. 26, 1981.

Stephen Hochberg, New York City, for respondent-appellant Knopfler.

Solomon Rosengarten, New York City, for respondents-appellants Pinter and Congregation Or Lashumaim.

Benjamin G. Sprecher, New York City, pro se.

Michael K. Wolensky, Associate Gen. Counsel, S. E. C., Washington, D. C. (Linda D. Fienberg, Asst. Gen. Counsel, Douglas J. Scheidt, Atty., Washington, D. C., of counsel), for applicant-appellee.

Before OAKES and KEARSE, Circuit Judges, and RE,* Chief Judge, United States Court of International Trade.

PER CURIAM:

Appellants Hersh Knopfler, Congregation Or Lashumaim, Rabbi Kalman Pinter, and Benjamin G. Sprecher appeal from an order of the United States District Court for the Southern District of New York, Lee P. Gagliardi, Judge, granting enforcement of subpoenas duces tecum issued to them by the Securities and Exchange Commission ("Commission") in connection with its investigation of possible manipulative practices in the trading of the securities of American Technical Resources, Inc. Finding no merit in any of appellants' contentions, we affirm the order of the district court.

The Commission has the power, in its discretion, to make such investigation as it deems necessary to determine whether any person has violated federal securities laws. E. g., 15 U.S.C. § 78u(a) (1976). For the purpose of such an investigation the Commission may subpoena witnesses and require the production of such books and papers as it deems relevant or material to the inquiry. Id. § 78u(b). In the case of a refusal to obey a subpoena, the Commission generally may seek enforcement in a federal court in any of a number of jurisdictions, including the jurisdiction in which the investigation is pending. Id. § 78u(c).

In the enforcement proceeding below, appellants did not contend that the statutory requirements for issuance of the subpoenas had not been met, but rather opposed enforcement on the principal ground that the Commission's investigator had caused the subpoenas to be issued for purposes of religious harassment. After receiving appellants' opposing papers and hearing oral argument, the district court found that the opposition to the Commission's application was frivolous, without merit, and interposed solely for delay. The court therefore entered the order granting enforcement. On this appeal appellants contend principally that the district court should have held an evidentiary hearing on the merits of the claim of religious harassment. After reviewing appellants' assertions, we conclude that the district court did not abuse its discretion in declining to hold such a hearing.

Commission enforcement proceedings may be summary in nature, see SEC v. First Security Bank of Utah, 447 F.2d 166, 168 (10th Cir. 1971), cert. denied, 404 U.S. 1038, 92 S.Ct. 710, 30 L.Ed.2d 729 (1972); cf. SEC v. Sprecher, 594 F.2d 317, 320 (2d Cir. 1979), and it is within the discretion of the district court to determine whether or not an evidentiary hearing is required. United States v. Morgan Guaranty Trust Co., 572 F.2d 36, 42–43 n.9 (2d Cir.), cert. denied, 439 U.S. 822, 99 S.Ct. 89, 58 L.Ed.2d 114 (1978). When the Commission has met the normal statutory prerequisites for enforcement, the opponent of a subpoena has a heavy burden if he seeks denial of enforcement on the ground that the subpoena is sought for an invalid purpose. United States v. LaSalle National Bank, 437 U.S. 298, 316, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1978). He must prove that the improper purpose is that of the Commission, not merely that of one of its investigators, id., and the burden may not be met by the presentation of conclusory allegations. An evidentiary hearing is not required in the absence of a meaningful and substantial factual showing. SEC v. Howatt, 525 F.2d 226, 229 (1st Cir. 1975); United States v. Newman, 441 F.2d 165, 169 (5th Cir. 1971). In the present case, even if the presentation be deemed to impute bad faith to the Commission itself rather than to the investigating agent, the showing was inadequate to require the district court to order a hearing. See, e. g., United States v. Morgan Guaranty Trust Co., supra.

The order of the district court granting enforcement of the subpoenas is affirmed. The mandate shall issue forthwith.

---

* Sitting by designation.