**UNITED STATES of America and Robert G. Roche, Special Agent, Internal Revenue Service**

v.

**Earl L. ERDNER, as President of Earl L. Erdner, Inc., Appellant.**

**No. 18366.**

United States Court of Appeals, Third Circuit.

Argued Feb. 3, 1970.

Decided Feb. 24, 1970.

Charles Lee Harp, Jr., Archer, Greiner, Hunter & Read, Camden, N. J. (James Hunter, III, Camden, N. J., on the brief), for appellant.

John P. Burke, Dept. of Justice, Tax Division, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, Attys., Dept. of Justice, Washington, D. C., Fred B. Lacey, U. S. Atty., on the brief), for appellees.

Before FREEDMAN, ALDISERT and GIBBONS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Defendant appeals from an order of the district court enforcing a summons issued pursuant to 26 U.S.C. § 7602 by Special Agent Robert Roche of the Internal Revenue Service directing him to produce the books and records of Earl L. Erdner, Inc.[1]

 Defendant argues that a summons issued by a special agent is inherently for the sole or ultimate purpose of obtaining evidence in a criminal prosecution, because a special agent's function is solely that of a criminal investigator, and that such use of the summons is both beyond the authorization provided by § 7602 and subject to the Constitutional protections afforded the criminally accused.

In recent companion cases of United States v. DeGrosa,[2] United States v. Zudick,[3] and United States v. Bank of Commerce,[4] we held that even if the investigation by a special agent of the Internal Revenue Service is principally criminal, a summons under § 7602 is valid where the party resisting the summons "does not negative the existence of proper civil purpose." United States v. DeGrosa, 405 F.2d at 928. The defendant's contention that a special agent's investigations inherently are "solely" criminal falls before DeGrosa, where we expressly found that the special agent was conducting investigations which were both civil and criminal in purpose.

 Defendant argues further that even if special agents are not always involved solely in criminal investigations, he should have been allowed to take the deposition of Special Agent Roche to show that this investigation was solely criminal. Defendant's oral motion to take the deposition was not made until the enforcement hearing, at which time Agent Roche was directly available as a witness. In these circumstances, we cannot say that there was an abuse of discretion in the denial of the motion.[5]

 Finally, defendant argues that, even if the order enforcing the summons is affirmed, it should be modified so as to restrict the government's use of the materials obtained to civil purposes. There is no need for us at this stage to make any anticipatory determination of the use which may be made by the government of any materials obtained as a result of the use of the summons.[6]

The order of the district court will be affirmed.

1. Such orders are appealable. Reisman v. Caplin, 375 U.S. 440, 449, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964).

2. 405 F.2d 926 (3 Cir. 1969).

3. 405 F.2d 929 (3 Cir.), cert. denied 394 U.S. 973, 89 S.Ct. 1465, 22 L.Ed.2d 753 (1969).

4. 405 F.2d 931 (3 Cir. 1969).

5. United States v. Hayes, 408 F.2d 932, 935 (7 Cir. 1969). See United States v. Howard, 360 F.2d 373, 381 (3 Cir. 1966).

6. See Meister v. United States, 397 F.2d 268 (3 Cir. 1968).