**UNITED STATES of America et al., Petitioners,**

v.

**William J. TROUPE et al., Respondents.**

**No. 18277–4.**

United States District Court,
W. D. Missouri, W. D.

June 30, 1970.

See also D.C., 317 F.Supp. 416.

Bert Hurn, U. S. Dist. Atty., Anthony White, Asst. U. S. Atty., Kansas City, Mo., for petitioners.

Robert W. Brown, Merrill R. Talpers, Kansas City, Mo., for intervenors.

## MEMORANDUM AND ORDER OVER-RULING PETITIONERS' MOTION TO VACATE AND SET ASIDE ORDER

ELMO B. HUNTER, District Judge.

This is an action brought pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) to enforce a summons issued by petitioner Ryan which directs the respondent to produce for examination certain accounting information relating to the B & C Meat Company, Inc. Petitioners seek an order of the Court directing respondent to comply with the terms of that summons. In their petition, petitioners allege, *inter alia*, that "The respondent, William J. Troupe, * * * is in possession of certain of the corporation's records, including books of account, work papers, records, and memoranda, all of which relate to the federal income tax liabilities of the corporate taxpayer herein." Additionally, petitioners allege that the respondent refuses to produce "accountant's records and records of the corporate taxpayer," as required by the summons issued by petitioner Ryan on November 21, 1969.

On May 18, 1970, the B & C Meat Company, the corporate taxpayer; Carl Civella, a shareholder and employee of the taxpayer; and Albert C. Brandmeyer, a shareholder and officer-director of the taxpayer, made application to the Court to intervene in the above-styled action. Certification of service of the motion was shown on that date. Thereafter, on June 5, 1970, the Court entered an order granting leave to intervene. On the same day, but after the entry of the Court's order and the filing of the answers of the intervenors, the petitioners filed their "Opposition to Intervention." This brief statement was untimely filed without accompanying suggestions as required by the local rules of Court. See: Rule 10(c), General Rules of the United States District Court for the Western District of Missouri.

The present matter is before the Court upon the motion of the petitioner's to vacate and set aside the order of June 5, 1970. In support of this motion, petitioners state the following: (1) "On June 5, 1970, the same date as the Court's order, the United States of America and Special Agent R. Ryan, Internal Revenue Service, filed opposition to the intervention. This opposition was not considered by the Court."; and (2) "The Order granting the mo-

tions to intervene is contrary to the law."

Petitioner's motion to vacate and set aside this Court's order must be overruled. The present question concerning intervention of these parties is controlled by the mandate of the United States Supreme Court in the case of Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964). In that case, the Supreme Court affirmed the dismissal of an equitable action brought by a taxpayer's attorneys prior to an enforcement proceeding seeking declaratory judgment and injunctive relief to declare an Internal Revenue Service summons invalid. However, in discussing the *legal* remedies available to the petitioners, the Court stated:

> "There are cases among the circuits which hold that *both* parties summoned *and* those affected by a disclosure may appear or intervene before the District Court and challenge the summons by asserting their constitutional or other claims. We agree * * *" *Id.* at 445, 84 S.Ct. at 511. (citations omitted) (emphasis added).

> "Furthermore, we hold that in any of these procedures before * * * the district judge * * *, the witness may challenge the summons on any appropriate ground. This would include, * * * the defenses that the material is sought for the improper purpose of obtaining evidence for use in a criminal prosecution, as well as that it is protected by the attorney-client privilege. *In addition, third parties might intervene to protect their interests, or in the event the taxpayer is not a party to the summons before the hearing officer, he, too, may intervene.*" *Id.* at 449, 84 S.Ct. at 513. (citations omitted) (emphasis added).

And, in situations where the books and records of the taxpayer himself have been required by the summons or where the intervenor might have been directly affected by the disclosure, intervention has been granted. See: United States v. Benford, 406 F.2d 1192 (7th Cir. 1969); Justice v. United States, 365 F.2d 312 (6th Cir. 1966), aff'd per curiam 390 U.S. 199, 88 S.Ct. 901, 19 L.Ed.2d 1038 (1968); and United States v. Bank of Commerce, 405 F.2d 931 (3rd Cir. 1969).

Furthermore, the authority cited by the petitioners is not persuasive in the present case. See: United States v. Mercurio, 418 F.2d 1213 (5th Cir. 1969); Application of Cole, 342 F.2d 5 (2nd Cir. 1965); and Stone v. Williams, 356 F.2d 934 (1st Cir. 1966). The noteworthy aspect of each of these cases is that, in every instance, the factual situation presented did not involve the records of a corporate taxpayer itself, nor was the request to intervene made by a corporate director, officer, or shareholder who might have been affected by a disclosure. Rather, in each instance, the records sought were the exclusive property of some third party. For instance in the most recent case cited by the petitioners, United States v. Mercurio, *supra*, the Fifth Court of Appeals stated at pg. 1214:

> "It may clarify the discussion here to begin by stating what is *not* involved. We do *not* have a case in which a subpoena has been issued at the instance of a special agent of the Internal Revenue Service against a *taxpayer* himself, seeking access to *his* records and papers and the rights to take his testimony, * * * nor is it a case in which the subpoena seeks to obtain records of the *taxpayer* in the hands of his attorney or accountant, which the courts have deemed the same as if they were in the possession of the taxpayer himself. Nor is it a case in which records actually belonging to the *taxpayer* are subpoenaed while in possession of some third person, but where no privilege exists."

> "To the contrary, what we have here is a subpoena served on two former employers of the taxpayer demanding the production of *their* own records, not the records of the *taxpayer*."

**416**

Thus, the cases cited by the petitioners are clearly distinguishable from the factual circumstances presented herein.

Considering the present posture of this case, the Court cannot adjudicate the merits of any defenses which may later be raised by the intervenors, nor the standing of the intervenors to raise such defenses. It does appear, however, that intervention should be allowed in view of the totality of the circumstances surrounding this case.

Accordingly, the motion of the petitioners to vacate and set aside this Court's order of June 5, 1970, is hereby overruled.

It is so ordered.

See also, D.C., 317 F.Supp. 414.