438 F.2d 117
 UNITED STATES of America and Arthur R. Ryan, Special Agent, Internal Revenue Service, Petitioners-Appellees,
v.
William J. TROUPE, as Partner of Troupe, Kehoe, Whiteaker & Kent, Respondent, and
Carl Civella, Intervenor-Respondent-Appellant.
 No. 20570.
 United States Court of Appeals, Eighth Circuit.
 February 16, 1971.
 As Amended on Denial of Rehearing March 10, 1971.
 
 Robert W. Brown, Kansas City, Mo., made argument for appellant.
 Johnnie M. Walters, Asst. Atty. Gen., Joseph M. Howard, John M. Brant, Attys., Tax Division, Dept. of Justice, Washington, D. C., for appellee; Bert C. Hurn, U. S. Atty., of counsel.
 Before VAN OOSTERHOUT, GIBSON and LAY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal by an intervenor-taxpayer from the district court's order, 317 F.Supp. 416, directing compliance with an Internal Revenue summons issued under 26 U.S.C.A. § 7602. The summons was directed to William J. Troupe, an accountant, to produce accounting records and information relating to a corporate taxpayer, the B & C Meat Company, Inc. (hereinafter B & C Meat). The district court, over the government's objection, allowed the intervention of Carl Civella, who is a shareholder and an employee of B & C Meat, 317 F.Supp. 414. Civella challenged the issuance of the summons on the ground that it was issued to harass him, was vague and excessively broad, and that it had as its purpose criminal investigation of the intervenor himself. The intervenor also complained of limitations placed on his pretrial discovery by the district court. The district court held a full hearing. The court required the government to answer all interrogatories by oral testimony and allowed examination of government witnesses the intervenor wished to depose. The court concluded that the summons was issued for a legitimate purpose and entered its order of enforcement.
 
 
 2
 The primary argument presented on appeal is that the district court erred in its interpretation of Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964),[1] in requiring a showing that the sole purpose of investigation be criminal in nature before a challenge to the summons can be made. Intervenor contends that the present investigation is being carried on by special agent of the Intelligence Division, Department of Internal Revenue, acting as a criminal investigator rather than by the Audit Division, which traditionally investigates civil liability. The record demonstrates that an investigation was commenced because Civella was on a list of alleged underworld members and had reported income on his returns as "miscellaneous income." The government argues that it is necessary to investigate the B & C Meat records to determine whether any of this income came from the corporation and was properly reported on the corporate returns and whether Civella reported it accurately on his returns.
 
 
 3
 After oral argument in this court the Supreme Court handed down the decision of Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L. Ed.2d 580 (1971). We find it controlling and dispositive of the substantive issues raised here. The Supreme Court held that there is no "meaningful line of distinction, for civil as compared with criminal purposes, at the point of a special agent's appearance." Id. at 535, 91 S.Ct. at 544. The Court further found authorization for "the use of the summons in investigating what may prove to be criminal conduct." Ibid. (Emphasis ours.) The Donaldson case makes it clear that the summons can be successfully challenged only when a criminal prosecution has been instituted and is pending at the time of the issuance of the summons or when criminal prosecution has been recommended. Thus, it is only when the sole purpose of the summons is for a criminal investigation that a challenge to the summons can be made.
 
 
 4
 Since it is undisputed that there is no related criminal prosecution pending and none had been recommended, the procedural complaints concerning the trial court's alleged restriction on discovery must fall with the above disposition of the case.[2]
 
 
 5
 Judgment affirmed.
 
 
 
 Notes:
 
 
 [1]
 The Supreme Court inReisman said:
 "[T]he witness may challenge the summons on any appropriate ground. This would include, as the circuits have held, the defenses that the material is sought for the improper purpose of obtaining evidence for use in a criminal prosecution, Boren v. Tucker, 9 Cir., 239 F.2d 767, 772-773, as well as that it is protected by the attorney-client privilege. (citation omitted)." 375 U.S. at 449, 84 S.Ct. at 513.
 
 
 [2]
 Assuming standing to complain, there is no merit to the intervenor's objection to the summons as being overly vague. See United States v. Giordano, 419 F.2d 564 (8 Cir. 1970) cert. denied 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648. Nor is there merit to the complaint that the district court refused to place restrictions on the use of the evidence to be produced. See United States v. Kordel, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970); United States v. Erdner, 422 F.2d 835 (3 Cir. 1970). And as Mr. Justice Douglas makes clear in his concurring opinion in theDonaldson case, the intervenor has no basis to raise constitutional objections to the summons issued to the corporate taxpayer:
 "[I]t is difficult to see how the summoning of a third party, and the records of a third party, can violate the rights of the taxpayer, even if a criminal prosecution is contemplated or in progress. There is no right to be free from incrimination by the records or testimony of others." 400 U.S. 537, 91 S.Ct. at 545.
 The concurring opinion realistically appraises the investigation under circumstances existing in Donaldson, and as evidently exist here, as criminal in nature.