UNITED STATES of America and Charles E. Jordan, Jr., Revenue Agent, Internal Revenue Service, Petitioners,

v.

William J. WERNER, Respondent.

No. M-18-304.

United States District Court, S. D. New York.

Nov. 17, 1977.

Robert B. Fiske, Jr., U. S. Atty., William J. Kelleher, Jr., Asst. U. S. Atty., New York City, of counsel, for Government.

Bandler & Kass (by Stephen C. Silverberg, New York City), for plaintiff.

## MEMORANDUM

IRVING BEN COOPER, District Judge.

The Government has moved by an Order to Show Cause why the Respondent, William Werner, Esquire, should not be compelled to comply fully with a summons issued by the Internal Revenue Service.[1] For the reasons appearing below, we hold that the position respondent has put forward is inadequate as a matter of law. Accordingly, he is ordered to comply with the summons.

A brief summary of the facts, as disclosed by the papers before us, might prove helpful. William Werner, Esquire, the respon-

---

1. We regret that an office error prevented an earlier disposition.

dent, is the attorney of record for John and Jeanine Ferrandi ("the taxpayers") and, as such, has in his possession books, records and other papers relating to the tax liability of the taxpayers for the years 1970, 1971 and 1972. Pursuant to Sections 7402(b) and 7604(a) of the Internal Revenue Code of 1954 (Title 26 Sections 7402(b) and 7604(a) of the U.S. Code), the Government has moved to enforce judicially the summons it duly served on respondent. He failed to appear in obedience to the summons.

In defense of his failure to comply with the summons, respondent argues that it was issued in bad faith and after recommendation for criminal prosecution of his clients, the taxpayers. Additionally, respondent contends that the records sought by the Internal Revenue Service are subject to the taxpayers' Fifth Amendment privilege. At the outset of this opinion, it is important to note that the taxpayers are not parties to the instant enforcement proceeding and, accordingly, the summons, if enforced, will not run against them personally.

▮ We are satisfied from the affidavit submitted by the Government that the instant investigation serves a legitimate purpose; that the inquiry directed to respondent is relevant to such purpose; that the information sought is not already within the Service's possession and that all prior administrative steps required by the Internal Revenue Code have been followed. *U. S. v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *Donaldson v. U. S.*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971).

The burden therefore shifts to the respondent to show cause why the summons is improper and should not be enforced. He cannot discharge that burden by an invocation of the tocsin that the investigation may result in criminal prosecution. *Donaldson v. U. S., supra,* at 532, 91 S.Ct. 534; *Wild v. U. S.*, 362 F.2d 206, 209 (9th Cir. 1966).

Respondent goes even further: he asserts that a "recommendation for criminal prosecution is still outstanding" against the taxpayers. If this were factually so, it is clear that the summons would be outside the scope permitted by Section 7602 of the Internal Revenue Code and could not be enforced. Yet the respondent offers no facts to support his sweeping conclusion that a criminal investigation is afoot. Indeed, his "surmise" is fatally undermined by the affidavit of the Revenue Agent (Charles E. Jordan, Jr.) which states unequivocally that the investigation is exclusively civil in nature and that, at present, there is no outstanding or pending recommendation for a criminal prosecution (Affidavit, paragraphs 2, 9). Making bold assertions of a very general nature, unsupported by factual recital, is an easy undertaking, invariably unavailing. We are compelled (as judges have repeatedly done over decades) to cast them aside as hollow and unworthy.

The fact that the investigation may yield information of tax fraud leading to a recommendation to prosecute criminally is immaterial and quite beside the point at this phase of the investigation. See *U. S. v. Erdner*, 422 F.2d 835, 836 (3rd Cir. 1970) (approving the use of a summons even where it is alleged that its purpose was to uncover crime, as long as no criminal prosecution has yet been instituted). *U. S. v. Michigan Bell Tel. Co.*, 415 F.2d 1284, 1286 (6th Cir. 1969). Thus, we reject as specious respondent's arguments as to the possibility of a criminal investigation.

▮ Respondent's next two points are quickly disposed of. The fact that respondent has possession of the records is crucial. Compelling him to turn over the records of his clients does not require the taxpayers to incriminate themselves. No element of coercion or moral compulsion is directed against the taxpayers. The relevant portion of the Fifth Amendment is clear:

> No person . . . shall be *compelled* in any criminal case to be a *witness against himself.* [emphasis added]

The Supreme Court in *Fisher v. U. S.*, 425 U.S. 391 at 397, 96 S.Ct. 1569 at 1573, 48 L.Ed.2d 39 stated it for all to see:

> The taxpayer's privilege under this Amendment [Fifth] is not violated by enforcement of the summonses involved in

these cases because enforcement against a taxpayer's lawyer would not "compel" the taxpayer to do anything—and certainly would not compel him to be a "witness" against himself.

The result does not change even if the respondent were treated as an agent of the taxpayers; the privilege against self-incrimination is personal. *Fisher v. U. S., supra; Couch v. U. S.*, 409 U.S. 322, 329, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973); *Hale v. Henkel*, 201 U.S. 43, 69–70, 26 S.Ct. 370, 50 L.Ed. 652 (1906).

 Finally, respondent urges that the privilege of attorney-client precludes his obedience to the summons. Clearly, confidential disclosures by a client to an attorney in order to obtain legal assistance are privileged. 8 J. Wigmore, *Evidence* § 2292 (McNaughton Ed. 1961) (hereinafter Wigmore). The policy advanced by the privilege is salutary: it encourages clients to make full disclosures to their attorneys. 8 Wigmore § 2291 and § 2306. Since the privilege results in withholding relevant information from the factfinder, it is applied only where necessary to achieve its purpose. *In re Horowitz*, 482 F.2d 72, 81–82 (2d Cir. 1973). Here, the Government is seeking all cancelled checks in respondent's possession or control (see Summons attached to Government's papers) for the years 1970, 1971 and 1972 that were drawn on the accounts in the name of Mr. John Ferrandi (one of the two taxpayers). Clearly, the element of confidentiality is lacking. We take notice of the fact that cancelled checks necessarily must be seen by parties other than the taxpayer and his attorney. The respondent has failed to sustain all the essential elements of the attorney-client privilege.

Respondent is directed to produce the records sought by the Government and to do so no later than ten (10) days after service of a copy hereof.

SO ORDERED.