UNITED STATES of America and Lyle J. Bjorn, Special Agent of the Internal Revenue Service, Petitioners,

v.

Wayne VAN HORNE, President of the First National Bank of Chadron, Nebraska, and First National Bank of Chadron, Nebraska, Respondents.

No. CIV. 77–0–474.

United States District Court, D. Nebraska.

Feb. 7, 1978.

Edward G. Warin, U. S. Atty., Paul W. Madgett, Asst. U. S. Atty., Omaha, Neb., for petitioners.

Gordon C. Shaffer, Jr., Chadron, Neb., for respondents.

## MEMORANDUM OPINION

SCHATZ, District Judge.

This matter is before the Court on a petition to enforce an Internal Revenue Service summons (Filing No. 1). The summons was issued to Wayne Van Horne, President of the First National Bank, Chadron, Nebraska, requesting production of all records relating to financial transactions between the First National Bank and W. Dean Hirsch or Jamie L. Hirsch. Mr. Van Horne and the First National Bank responded to the order to show cause, alleging that the scope of the summons imposed an undue physical and financial burden on the respondents. The taxpayer, W. Dean Hirsch, moved to intervene in this matter to protect his interest and to challenge the good faith issuance of the summons. Hirsch also filed a motion to quash the summons on the basis that the summons was issued in bad faith as an aid in a criminal investigation. In addition, Hirsch objected to the inclusion of the records of Jamie L. Hirsch in the scope of the investigation.

In regard to the petition for enforcement of the summons, this Court first considers the allegations that the request is too burdensome. The summons seeks documents relating to financial transactions in the years 1974, 1975 and 1976. The evidence established that W. Dean Hirsch maintained an account with the bank in 1974. However, the Internal Revenue Service has ascertained that Hirsch moved from Chadron, Nebraska, to Wyoming in 1974, making it quite possible that the account at the Chadron bank was closed some time after the move to Wyoming. If that is indeed the case, the document search need only include the time period when Hirsch maintained accounts with the Chadron bank. In addition the evidence established that the Internal Revenue Service is prepared to reimburse the First National Bank at a specific hourly rate for the time required of its personnel to search for the requested documents. The Internal Revenue Service agent handling this matter is available to help with the document search. Under these circumstances the scope of the summons does not place an undue burden on the respondents. *See United States v. Covington Trust & Banking Co.,* 431 F.Supp. 352 (E.D.Ky.1977).

The taxpayer's motion to intervene has been granted. In regard to the taxpayer's motion to quash asserting that the summons was issued in bad faith as an aid to a criminal prosecution, the Court notes that the taxpayer has presented no support for this motion, nor has he appeared at either hearing. Nevertheless, in *Donaldson v. United States,* 400 U.S. 517, 535, 91 S.Ct. 534, 544, 27 L.Ed.2d 580 (1971), the Supreme Court addressed essentially the same objections to an I.R.S. summons and stated:

> Congress clearly has authorized the use of the summons in investigating what may prove to be criminal conduct. . . . There is no statutory suggestion for any meaningful line of distinction, for civil as compared with criminal purposes, at the point of a special agent's appearance. (Citation omitted.) To draw a line where

a special agent appears would require the Service, in a situation of suspected but undetermined fraud, to forego either the use of the summons or the potentiality of an ultimate recommendation for prosecution. We refuse to draw that line and thus to stultify enforcement of federal law.

*See also United States v. Troupe,* 438 F.2d 117 (8th Cir. 1971). Finally, the taxpayer, W. Dean Hirsch, contends that the summons should not include documents relating to his wife, Jamie L. Hirsch. Aside from the fact that W. Dean Hirsch lacks standing to raise this objection on behalf of his wife, the evidence which was not refuted, established that W. Dean Hirsch and Jamie L. Hirsch had filed joint income tax returns prior to 1974, making inquiry into the financial transactions of Jamie Hirsch entirely appropriate.

Accordingly, a separate order will be entered this day granting the taxpayer's motion to intervene but overruling the taxpayer's motion to quash and granting the petition for enforcement of summons.