**Elmer H. DRUM, et ux., Petitioners,**

v.

**UNITED STATES, Respondent.**

**Civ. No. 83-0369.**

United States District Court, M.D. Pennsylvania.

July 14, 1983.

John P. Kopesky, Thomas A. Masterson, Robert D. Comfort, Morgan, Lewis & Bockius, Philadelphia, Pa., William E. Nichols, McCormick, Reeder, Nichols, Sarno, Bahl & Knecht, Williamsport, Pa., for petitioners.

Michael J. Salem, Trial Attorney, Tax Div., U.S. Dept. of Justice, Washington, D.C., for United States.

## OPINION

MUIR, District Judge.

Elmer H. Drum and Linda L. Drum (hereinafter Drum) filed the above-captioned petition to quash Internal Revenue Summonses on March 21, 1983. Drum petitions this Court to quash three administrative summonses issued by the Internal Revenue Service as part of an investigation of

Drum. The first challenged summons was issued on March 1, 1983 to the Northern Central Bank. The second summons was also issued on March 1, 1983 to the Muncy Bank and Trust Company. Both of the above summonses require the entity named therein to appear before Special Agent John J. Grogan of the Criminal Investigation Division of the Internal Revenue Service to give testimony and to produce for examination certain specified documents kept in the names of Elmer H. Drum, Linda L. Drum, Drum Services, Inc., Drum Transportation Corporation, Dave Riddell, Elmer Jacob Drum and Russell Drum. The third challenged summons is directed to Elmer H. Drum, as president of Drum Services, Inc., and Drum Transportation Corporation. This summons was issued on March 3, 1983 and directs Drum to appear before Special Agent Grogan to give testimony and to produce certain specified records of Drum's Services, Inc. and of Drum Transportation Corporation. In response to Drum's motion to quash, the United States has moved for summary enforcement of the summonses. Pursuant to a briefing schedule set by the Court by order of March 23, 1983, this matter is ripe for decision.

Drum argues in support of his motion that the summonses must be quashed in the absence of a showing by the United States that the summonses were issued in "good faith." Alternatively, Drum argues that, even assuming that the United States sets forth a prima facie showing that the summonses were issued in good faith, the summonses should not be enforced until such time as Drum is permitted to obtain a modicum of discovery against the United States in order to rebut the showing of good faith. Drum further argues that those summonses which were issued to the Northern Central Bank and the Muncy Bank and Trust Company impermissibly seek the production of documents unrelated to the investigation against Drum and therefore exceed the investigative powers of the Internal Revenue Service. Drum also argues, as to all three summonses, that the Internal Revenue Service has failed to provide notice to those individuals whose records are sought as required by 26 U.S.C. § 7609(a)(1). Finally, Drum argues that the Internal Revenue Service impermissibly seeks the production of documents already in its possession and that the Internal Revenue Service has failed to provide him with written notice that an additional inspection of documents is necessary as required by 26 U.S.C. § 7605(b).

In Drum's brief in opposition to the motion of the United States for summary enforcement of the summonses Drum withdrew his motion to quash the summonses directed to Elmer H. Drum as President of Drum Services, Inc. and Drum Transportation Corporation. Drum's arguments that the Internal Revenue Service failed to provide him with written notice pursuant to 26 U.S.C. § 7605(b) and that the Internal Revenue Service impermissibly seeks documents already in its possession related solely to that summons directed to Drum as president of Drum Services, Inc., and Drum Transportation Corporation. Therefore, those issues need not be dealt with in this opinion. The only issues remaining before the Court relate to the validity of those administrative summonses served upon the Northern Central Bank and the Muncy Bank and Trust Company. Jurisdiction of this Court is invoked pursuant to 26 U.S.C. § 7609(b)(1).

Before an administrative summons will be enforced, the United States must make a prima facie showing that the challenged summons was issued in good faith. The Supreme Court in *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964), indicated that a showing of good faith requires a prima facie showing of four elements. First, the United States must show that the investigation undertaken by the Internal Revenue Service is being conducted for a legitimate purpose. Second, the United States must show that the materials sought by the administrative summons are relevant to the legitimate purposes of the investigation. Third, the United States must show that the information sought is not yet in the possession of the Internal Revenue Service.

Fourth, the United States must show that the proper administrative steps have been followed by the Internal Revenue Service. *United States v. Powell,* 379 U.S. at 57–58, 85 S.Ct. at 254–55. The requisite showing of good faith may be made by the affidavit of the Internal Revenue Service Agent who issued the challenged summons and who is seeking enforcement thereof. *United States v. Garden State Natl. Bank,* 607 F.2d 61, 68 (3d Cir.1979), *citing United States v. McCarthy,* 514 F.2d 368, 372 (3d Cir.1975).

In the instant case, the United States has sought to make its prima facie showing of good faith through the sworn declaration of Special Agent John J. Grogan of the Criminal Investigation Division of the Internal Revenue Service. In his declaration, Special Agent Grogan avers that the purpose of the investigation of Drum is to determine "the taxpayer's correct tax liabilities and to determine whether the taxpayers have violated any of the criminal provisions of the Internal Revenue Code of 1954." Section 7602 of the Internal Revenue Code provides that an administrative summons may be issued by the Internal Revenue Service for the purpose of "ascertaining the correctness of any return, ... determining the liability of any person for any Internal Revenue tax, ... and inquiring into any offense connected with the administration or enforcement of the Internal Revenue laws." 26 U.S.C. § 7602(a) and (b) (Supp.1982). However, no matter what the purpose of the administrative summons may be, no administrative summons may be issued after a Justice Department referral of the matter for criminal prosecution has been made.

■ The sworn statements of Special Agent Grogan suffice to make a prima facie showing that the challenged administrative summonses have been issued for at least two proper purposes under the Internal Revenue Code, *e.g.* to determine Drum's liability for taxes and whether any criminal violations have been committed by Drum. Special Agent Grogan has also averred that the Muncy Bank and Trust Company and Northern Central Bank possess documents relevant to Drum's financial affairs. In addition, Special Agent Grogan avers that no "Justice Department referral" has been made in this matter. The issuance of administrative summonses in the investigation of Drum is therefore not improper.

■ Drum argues that before this Court denies his petition to quash the summonses or, alternatively, grant the motion of the United States summarily to enforce the same, he is entitled to a modest amount of discovery in order to gather the information necessary to rebut the above averments by Grogan that the summonses were issued for a proper purpose. Drum relies on the Third Circuit opinion in *United States v. Genser,* 595 F.2d 146 (3d Cir.1979), in support of this argument. As we have set forth in an earlier opinion in this case, *Drum v. United States,* Misc. No. 83–0051, slip op. (M.D.Pa., June 15, 1983) we are of the view that the discovery permitted by *Genser* before enforcement of Internal Revenue Service Summonses is no longer available where the petitioner seeks to quash a summons on the basis that it was issued for the purpose of undertaking an investigation of possible criminal violations of the Internal Revenue Code. At the time *Genser* was decided, the Internal Revenue Service was not authorized to undertake investigations of possible criminal violations of the Internal Revenue Code. In order to give the affected taxpayer an opportunity to show bad faith on the part of the Internal Revenue Service, *Genser* permitted the taxpayer a modest amount of discovery before enforcement of the summons to give him an opportunity to show the summons was issued for the improper purpose of investigating criminal acts. In our view, institutional bad faith on the part of the Internal Revenue Service can no longer be inferred where summonses are issued for the purpose of undertaking a criminal investigation in light of the fact that the Internal Revenue Service is now empowered under Section 7602 of the Code to investigate possible criminal violations of Act. Therefore, the "criminal purpose" defense raised by Drum to quash the summonses is no longer available, nor is he entitled to any pre-enforcement discovery

in order to seek the factual basis necessary to establish the defense.

As noted earlier, the United States also must make a prima facie showing that the testimony and documents requested in the challenged summonses are relevant to the matter under investigation. The United States need not show that the information sought by the administrative summons is relevant beyond all question. *United States v. Biscaglia,* 420 U.S. 141, 145, 95 S.Ct. 915, 918, 43 L.Ed.2d 88 (1975). There must, however, be a "realistic expectation" that the information sought may shed light on the investigation, as opposed to an "idle hope" that some relevant information may turn up. *United States v. Egenberg,* 443 F.2d 512, 515–16 (3d Cir. 1971). Drum challenges as irrelevant those portions of the administrative summons issued to the Northern Central Bank and the Muncy Bank and Trust Company which seek production of documents kept in the names of individuals other than Drum. Specifically, the challenged summonses request "[c]ertificates of deposit in the names of ... Dave Riddell, Elmer Jacob Drum, and Russell Drum during 1978, 1979, and 1980." Drum argues that because the purpose of the Internal Revenue Service's investigation is to investigate Drum's correct tax liability and to determine whether Drum has violated any of the criminal provisions of the Internal Revenue Code of 1954, the requested information relating to persons other than Drum is not relevant and, therefore, those portions of the summonses must be quashed.

The United States argues that Drum lacks standing to complain about the demand for records of persons other than themselves. In response, Drum argues that he has standing to quash any portion of the summonses which are irrelevant, even though the documents requested therein do not relate to his financial matters. Neither the United States nor Drum cite any case authority in support of their arguments.

Section 7609(b)(2) provides that "any person who is entitled to notice of a [third party summons] ... shall have the right to begin a proceeding to quash such summons..." The only person entitled to notice of the issuance of an administrative summons on a third party recordkeeper, such as the challenged summonses in the case at bar, is the person in whose name the summoned records are kept by the third party recordkeeper. In this case, the challenged administrative summonses clearly demand records kept in the name of Drum as well as in the names of other persons. However, Drum seeks to quash portions of the summonses that demand documents kept in the name of other persons. While the language of the statute is ambiguous as to whether or not Drum has standing to quash portions of the summonses which demand records not kept in his name, we are of the view that Congress did not intend to give taxpayers such broad standing. First, the legislative history of section 7609 makes clear that its provisions were designed to protect the interests of the taxpayer whose records were summoned. *See* Senate Committee on Finance, Tax Equity and Fiscal Responsibility Act of 1982, S.Rep. No. 97–494, 97th Cong., 2d Sess. 282–84 (Comm. Print 1982). Second, there is no need to permit Drum to challenge Internal Revenue Service summonses as they relate to other persons because those other persons are entitled to move to quash summonses requesting documents kept in their names. 26 U.S.C. § 7609. For the above reasons, we are of the view that Drum has no standing to challenge those portions of the summonses which relate to documents kept in the names of Dave Riddell, Elmer Jacob Drum and Russell Drum.

Drum also alleges that the United States has failed to give notice of the administrative summonses as required under 26 U.S.C. § 7609 to Dave Riddell, Elmer Jacob Drum, and Russell Drum. According to the sworn declaration of John J. Grogan, he handed a copy of the challenged summonses to Elmer Jacob Drum, Russell Drum, and Dave Riddell on March 1, 1983. Grogan's averment was supported by the submission of certain Internal Revenue Service documents contemporaneously record-

ing the fact that the required notice was given to Dave Riddell, Elmer Jacob Drum, and Russell Drum. The statements of Drum's counsel that notice of these summonses was not received by Dave Riddell, Elmer Jacob Drum, and Russell Drum have not been supported by any affidavits. Therefore, assuming Drum has standing to complain of this alleged failure by the Internal Revenue Service, we are of the view that the Government's allegation that proper notice was given to these people is unrebutted and will stand.

For the reasons given above, Drum's motion to quash the administrative summonses served on the Muncy Bank and Trust Company and Northern Central Bank will be denied. The Government's motion for summary enforcement of the same will be granted.