Michael L. MORGAN, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 87–C–888.

United States District Court, D. Colorado.

Sept. 29, 1987.

Michael L. Morgan, pro se.

Dahill D. Goss, Asst. U.S. Atty., Denver, Colo., John D. Steffan, Trial Atty., Tax Div., Washington, D.C., for defendant.

## ORDER

CARRIGAN, District Judge.

Petitioner, Morgan, filed the instant action in an effort to quash that portion of an Internal Revenue Service ("IRS") subpeona directing the First Colorado Bank, Colorado

Springs, Colorado ("Bank"), to hand over documents relating to an account listed in the name of the Church of World Peace ("Church"), for which Morgan allegedly has signature power. In response, the United States Attorney directed the IRS to withdraw the subpeona, and also filed a motion to dismiss the instant petition. Morgan countered with a motion to strike certain allegations in the motion to dismiss accompanied by a motion for costs. Morgan's motion to strike contests all of the grounds for dismissal advanced by the government. Consequently, I will consider it a response to the government's motion to dismiss as well as a motion to strike. All of these motions are now before me.

Because the IRS has withdrawn its subpoena, Morgan's prayer that the subpoena be quashed is moot. This does not, however, imply, that the petition may simply be dismissed. Morgan's motion for costs is still outstanding. Consequently, I must consider the merits of his action and, therefore, the merits of the government's motion to dismiss.

 Among the grounds for dismissal advanced by the government is that Morgan does not have standing to contest the validity of the subpeona with regards to the Church's account. I find this argument persuasive.

Section 7609 does not permit a litigant to invoke another's rights. *United States v. Equitable Trust Co.*, 611 F.2d 492 (4th Cir.1979), *cert. denied sub nom. DiVivo v. United States*, 445 U.S. 950, 100 S.Ct. 1599, 63 L.Ed.2d 785 (1980). Thus, a taxpayer does not have standing to challenge those portions of an IRS summons directing a third-party to surrender records held by it in another's name. *Drum v. United States*, 570 F.Supp. 938, 942 (M.D.Pa.1983); *see also, U.S. v. Van Horne*, 445 F.Supp. 360 (D.Neb.1978).

As Morgan concedes, he is only entitled to costs if he prevails on his petition. Because I find that he does not have standing, he obviously cannot prevail. Therefore, his motion for costs is denied.

Accordingly, IT IS ORDERED that:

1. The United States motion to dismiss is granted, and the petitioner's petition to quash and action are dismissed for lack of standing;

2. Petitioner's motion to strike is denied as moot; and,

3. Petitioner's motion for costs is denied.

It is further ordered that the Clerk shall close the file on this case, the action having been dismissed.