622 F.2d 512
 Fed. Sec. L. Rep. P 97,532
SECURITIES AND EXCHANGE COMMISSION, Applicant-Appellee,
v.
BLACKFOOT BITUMINOUS, INC. and Colfax National Bank, Respondents,
Stanley Drizin, William A. Kilpatrick, John Jewell, Myron
Bjerkaas, Frances Graham, Declan J. O'Donnell and
Richard Peterman, Respondents-Appellants.
SECURITIES AND EXCHANGE COMMISSION, Applicant-Appellee,
v.
P & J COAL COMPANY, INC. and John H. Pettingill,
Respondents-Appellants.
BLACKFOOT BITUMINOUS, INC., and P & J Coal Company, Inc.,
Plaintiffs-Appellants,
v.
UNITED STATES SECURITIES AND EXCHANGE COMMISSION, Defendant-Appellee.
 Nos. 79-1130, 79-1131.
 United States Court of Appeals,
Tenth Circuit.
 Argued Sept. 10, 1979.
Decided June 9, 1980.
 
 Robert C. Ripple of O'Donnell, Beville & Ripple, Denver, Colo., for respondents-appellants.
 Michael K. Wolensky, Asst. Gen. Counsel, Securities and Exchange Commission, Washington, D. C. (Jacob H. Stillman, Associate Gen. Counsel and Jonathan Eisenberg, Atty., Securities and Exchange Commission, Washington, D. C., on the brief). for applicant-appellee.
 Before McWILLIAMS, BREITENSTEIN and LOGAN, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 These are appeals from district court orders enforcing two Securities and Exchange Commission (SEC) subpoenas and dismissing an action for declaratory relief. Appellants contend the subpoenas are invalid and enforcement should have been denied for various reasons. Those we believe warranting discussion are the contentions that (1) the SEC is required by 17 C.F.R. § 202.5(a) to establish on the record a "likelihood of violation," which it failed to do; (2) the SEC failed to make the showing required by United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), and (3) the subpoenas were overbroad and burdensome. Also, we treat briefly appellants' argument that it was error for the court to deny them pre-enforcement discovery of certain documents from the SEC.
 
 
 2
 The SEC issued an order instituting a nonpublic formal investigation into the activities of Blackfoot Bituminous, Inc., P & J Coal Company, Stanley Drizin and John H. Pettingill relating to their offer and sale to the public of investments in coal lease tax shelter programs. Immediately thereafter the SEC issued subpoenas duces tecum to all respondents except Blackfoot Bituminous, Inc. The subpoenas required production of certain corporate records of Blackfoot Bituminous and any other entity engaged in the production of coal lease programs. After refusal by all respondents to comply with the subpoenas, the SEC applied for judicial enforcement under 15 U.S.C. §§ 77v(b) and 78u(c). Shortly thereafter the corporate respondents commenced an action against the SEC in which they sought a declaratory judgment that the subpoenas were legally invalid. Although the district court denied a motion to consolidate, it heard and decided the enforcement and declaratory judgment actions at the same time.
 
 
 3
 The SEC alleged in its enforcement applications that the requested documents were "relevant and material" to its investigation. In support, it provided the district court with the order commencing the investigation. This order set out the factual basis for the Commission's action. Respondents answered with a general denial that the subpoenas were enforceable, raising the issues pressed in this appeal and discussed below and other defenses not germane to the issue of enforceability.
 
 
 4
 * To obtain judicial enforcement of an administrative subpoena, an agency must show that the inquiry is not too indefinite, is reasonably relevant to an investigation which the agency has authority to conduct, and all administrative prerequisites have been met. United States v. Morton Salt Co., 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401 (1950). In the context of a subpoena issued by the SEC, a determination that "a subpoena (is) within the scope of the authority granted . . . is enough to authorize subpoenas for the production of records which might reveal the existence and extent" of any violation of the securities law. Securities and Exch. Comm'n v. First Security Bank, 447 F.2d 166, 168-69 (10th Cir. 1971), cert. denied, 404 U.S. 1038, 92 S.Ct. 710, 30 L.Ed.2d 729 (1972).
 
 
 5
 On the basis of the SEC order directing a formal investigation the trial court found the subpoenas met the requirements set forth above and ordered the production of the subpoenaed documents by all respondents except Blackfoot Bituminous, Inc., which it found had never been served. We agree with the district court's holding that the necessary showings for judicial enforcement were met in this case. The SEC has authority to "make such investigations as it deems necessary to determine whether any party has violated, is violating, or is about to violate" the securities laws it is entrusted to uphold. 15 U.S.C. § 78u(a). See also 15 U.S.C. § 77t(a). Pursuant to this broad grant of authority, the Commission is empowered to "require the production of any . . . records which (it) deems relevant or material to the inquiry." 15 U.S.C. § 78u(b). See also 15 U.S.C. § 77s(b). A Commission order of investigation is the only administrative requirement for the commencement of formal investigative proceedings. 17 C.F.R. § 203.1 et seq. (1979).
 
 A.
 
 6
 Appellants' major argument is that the SEC failed to establish a case for judicial enforcement because 17 C.F.R. § 202.5(a) requires the agency to establish on the record a "likelihood of violation" of the securities laws before administrative process can be judicially enforced.[1] The trial court refused to look behind the Commission's order, holding that 17 C.F.R. § 202.5(a) is not a rule but merely a description of the Commission's internal operating procedure.
 
 
 7
 Respondents contend that the reference to a preliminary finding of a "likelihood" of a violation places upon the SEC the burden of proving a factual basis for its decision to institute a formal investigation as a prerequisite to enforcement of its subpoenas. We do not agree.
 
 
 8
 First, that reference appears to be descriptive only. Although it appears in the Code of Federal Regulations, it is in one of several sections denominated "brief description(s) of procedures generally followed by the Commission which have not been formalized in rules." 17 C.F.R. § 202.1(c) (1979) (emphasis added). Second, assuming without deciding that the description of the procedure should be treated as a rule, we do not equate likelihood of violation referred to in this provision with probable cause. At this initial stage, before any adverse action has been taken against respondents, or indeed before any specific documents have been identified as relevant, it is unnecessary and contrary to judicial precedent to require more than the safeguards mandated by Morton Salt and United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). Powell rejected a taxpayer's claim that the Internal Revenue Service must indicate the grounds for its belief that a fraud had been committed before enforcement of a summons could be ordered. The Court ruled "the government need make no showing of probable cause to suspect fraud unless the taxpayer raises a substantial question that judicial enforcement of the administrative summons would be an abusive use of the court's process . . . ." 379 U.S. at 51, 85 S.Ct. at 251. More than mere allegations of abuse are necessary to raise a substantial question. See United States v. LaSalle Nat'l Bank, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). We do not believe the SEC, in describing its procedures in 17 C.F.R. § 202.5(a), intended to assume a greater burden than the Supreme Court decisions require, and we will not so hold.
 
 B.
 
 9
 Respondents also contend that Powell imposes on the SEC an additional requirement not met in this case. In Powell the Supreme Court required the Internal Revenue Service to show that it did not possess the information it sought by subpoena before enforcement of the subpoena would be granted. We need not and do not decide whether this requirement applies in the instant case.
 
 
 10
 The trial court found the SEC showed "facially" that it did not have the information requested. The respondents failed to identify specifically the items they claim were in the Commission's possession. In support of this finding, we note that the Commission order recited that no registration statement had been filed concerning the lease investment programs, and therefore the SEC would not have access to documents through this source.
 
 C.
 
 11
 Respondents also contend the subpoenas are unenforceable because the SEC is on a "fishing expedition," issuing burdensome, excessively broad subpoenas that request irrelevant items. The district court properly resolved these questions against respondents, finding respondents' unsupported allegations did not rise to the level of proving a defense to enforcement of the subpoenas. The burden of showing abuse is upon respondents. The court noted, "neither Respondents nor Counsel have endeavored to work with the staff of the Commission to discuss the oppressive demands." "Before the courts will hold an order seeking information reports to be arbitrarily excessive, they may expect the supplicant to have made reasonable efforts before the Commission itself to obtain reasonable conditions." United States v. Morton Salt Co., 338 U.S. 632, 653, 70 S.Ct. 357, 94 L.Ed. 401 (1950).
 
 II
 
 12
 We need not consider respondents' contention that the trial court erred in denying their motion to compel discovery of "(t)he documents considered by any commission prior to or relative to the issuance of the Order of Private Investigation." Respondents allegedly sought discovery for the purpose of determining whether the Commission complied with 17 C.F.R. § 202.5(a). However, they concede in their reply brief that the trial court did not err if we determine, as we have, that section 202.5(a) does not require the Commission to show the likelihood of a violation. We therefore do not reach the issue.
 
 
 13
 We have reviewed all additional arguments tendered by appellants and find them lacking in merit. The orders of the district court enforcing SEC's subpoenas are affirmed. Respondents' declaratory judgment action, based upon the same contentions asserted in the subpoena proceedings, was properly dismissed for failure to state a cause of action.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 17 C.F.R. § 202.5(a) (1979) provides, in part,
 Where . . . it appears that there may be violation of the acts administered by the Commission or the rules or regulations thereunder, a preliminary investigation is generally made . . . . When it appears from information obtained either with or without a preliminary investigation that there is a likelihood that a violation has been or is about to be committed and that the issuance of process may be necessary, the matter is reported to the Commission, which may then order a formal investigation or examination if it is deemed necessary.
 (Emphasis added).