In the Matter of an **APPLICATION TO ENFORCE ADMINISTRATIVE SUBPOENAS DUCES TECUM OF THE SECURITIES AND EXCHANGE COMMISSION, Applicant,**

v.

**Gaye B. KNOWLES, Respondent.**

Civ. A. No. 95–B–2036.

United States District Court,
D. Colorado.

Oct. 10, 1995.

Leslie J. Hendrickson, Robert M. Fusfeld, Securities & Exchange Commission, Denver, CO, for Applicant.

David W. Stark, Otten, Johnson, Robinson, Neff & Ragonetti, Denver, CO, Raymond L. Robin, Olle, Macaulay & Zorrilla, P.A., Miami, FL, for Respondent.

## AMENDED MEMORANDUM ORDER AND OPINION

BABCOCK, District Judge.

Respondent Gaye B. Knowles (Knowles) objects to and moves for the dismissal of the Order to Show Cause issued August 10, 1995, requiring him to produce documents pursuant to subpoena duces tecum issued by the Securities and Exchange Commission (Commission). The objection and motion for dismissal is in the nature of a motion to quash. The motion is fully briefed and orally argued at the hearing on the Order to Show Cause. For the reasons set forth in this order, I deny the motion to quash.

### I.

A formal non-public investigation was commenced on April 18, 1995 by the Commission's Division of Enforcement. Pursuant to an Order Directing Private Investigation and Designating Officers to Take Testimony titled *In the Matter of the Rockies Fund, Inc., Redwood Microcap Fund, Inc., and Combined Penny Stock Fund, Inc., et al.* Commission File No. D–2002, (Formal Order), Knowles or his attorney was served with two subpoenas duces tecum while in the United States on June 14 and 30, 1995. The Formal

Order directs that a private investigation be conducted to determine whether, since on or about December 1992 certain persons have engaged, are engaging, or are about to engage in violations of Sections 5 of the Securities Act of 1933, 15 U.S.C. § 77a et seq., the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq., and the Investment Companies Act, 15 U.S.C. § 80a–1 et seq.

Knowles is a Bahamian citizen and resident and former president of two Bahamian entities Global Petro Trading (GPT), and Swiss Eurofund Inc. (SEF). The subpoenas request documents related to these companies including account statements and other records pertaining to bank accounts in the name of GPT and SEF. On July 12, 1995, Knowles appeared in Miami for sworn testimony before the Commission staff and produced certain documents responsive to the subpoenas but refused to produce monthly account statements and other banking documents related to GPT and SEF. The Commission asserts that these documents are relevant to the pending investigation and are necessary to determine whether violations of the federal securities laws have occurred. Knowles filed his motion to quash on August 9, 1995.

Knowles contends that personal jurisdiction does not lie in this court and, therefore, he cannot be compelled to produce these documents. I disagree.

## II.

Under § 78u of the Securities Exchange Act, "the Commission may, in its discretion, make such investigations as it deems necessary to determine whether any person has violated, is violating, or is about to violate any provision of this chapter." 15 U.S.C. § 78u(a). Pursuant to this authority the Commission may require a person to appear before the Commission to testify or produce records. 15 U.S.C. § 78u(c) "All process in any such case may be served in the judicial district whereof such person is an inhabitant or wherever he may be found." Id. A person who fails to produce records or documents in accordance with a subpoena is subject to a fine of not more than $1,000 or imprisonment for up to a year, or both. Id.

Knowles argues that he does not have to produce the records subject to the subpoenas because the Commission has not shown that it has personal jurisdiction over him. None of the cases cited by Knowles support the proposition that I must have personal jurisdiction over Knowles to enforce the subpoenas. Neither the Securities Exchange Act nor the Federal Rules of Civil Procedure require that I have personal jurisdiction over Knowles to enforce the subpoenas. Where a party refuses to obey a subpoena, "the Commission may invoke the aid of any court of the United States within the jurisdiction of which such investigation or proceeding is carried on...." 15 U.S.C. § 78u(c). It is uncontested that the Commission's investigation is taking place out of the Denver office. Thus, the Commission has properly sought the jurisdiction of this court.

Judicial enforcement of an administrative subpoena may be had where an agency can show that "the inquiry is not too indefinite, is reasonably relevant to an investigation which the agency has authority to conduct, and all administrative prerequisites have been met." *Securities and Exchange Commission v. Blackfoot Bituminous, Inc.,* 622 F.2d 512 (10th Cir.1980). Here, the Commission has met its three-prong burden and Knowles proffers no evidence that the Commission does not have the authority to conduct this investigation, that the inquiry regarding GPT and SEF is too vague or indefinite, or that the Commission has failed to comply with the administrative prerequisites required. Service was made on Knowles while he or his attorney was in the United States and the service complied with the applicable regulations. 17 C.F.R. §§ 201.8, 201.150. Knowles has failed to meet his burden of establishing that enforcement of the subpoena is an abuse of the court's process. *See U.S. v. Powell,* 379 U.S. 48, 58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). Consequently, I deny the motion to quash.

Accordingly it is ORDERED that:

1) The motion to quash is DENIED.

2) The Applicant's petition is sustained and Respondent shall comply with the

subpoenas within ten (10) days from the date of this order.